## UNITED STATES of America
### v.
### Howard HILDEBRANDT and Robert R. LaPlante.

### Cr. Ind. No. 6282.

United States District Court
D. Rhode Island.

Oct. 24, 1956.

See also D.C., 113 F.Supp. 577.

———◆———

Joseph Mainelli, U. S. Atty., Providence, R. I., for plaintiff.

Robert R. Afflick, West Warwick, R. I., for defendants.

DAY, District Judge.

This is another in a series of motions to correct sentence which have been filed by the defendant Howard Hildebrandt since he was sentenced on June 24, 1952. On that date, upon his plea of guilty to Counts I and II of the above numbered indictment, he was sentenced to serve a term of five years' imprisonment on Count I and fifteen years on Count II, said terms to run consecutively.

Count I charged the defendant and his codefendant with conspiracy to commit certain offenses against the laws of the United States, including that of armed robbery on Government-owned property and Count II charged them with commission of the substantive offense of robbery. The robbery charged in Count II was one of the overt acts charged in Count I—the conspiracy count.

The movant contends that the sentence imposed on Count I was illegal because the conspiracy was merged in the substantive offense of robbery.

This contention is without merit. It is well settled that the commission of the substantive offense and a conspiracy to

---

commit it are separate and distinct offenses. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. The fact that an overt act charged in the conspiracy count is also charged as a substantive offense in another count is not material. In Pinkerton v. United States, supra, 328 U.S. at page 644, 66 S.Ct. at page 1182, the Court says:

" * * * Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. As stated in Sneed v. United States, supra, [5 Cir.] 298 F. [911] at page 913, 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do an unlawful act is even then distinct from the doing of the act. * * "

The cases cited by the movant are clearly distinguishable on their facts and do not apply to the situation involved here.

The motion to correct the sentence imposed on Count I is denied.