798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Dewey J. SMALL, Appellant.
 No. 85-5161.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1986.
Decided Aug. 25, 1986.
 
 Brenton D. Adams, for appellant.
 John Stuart Bruce, Assistant United States Attorney (Samuel J. Currin, United States Attorney; Retha J. Lee, Paralegal Specialist on brief), for appellee.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Small was ConviCted of malicious destruction a building of by means of an explosive, of three counts of mail fraud, and of conspiring to commit the substantive Offenses.
 
 
 2
 Small's conviction arose out of the destruction of a Piggly Wiggly supermarket in Tabor city, North Carolina, There was evidence that Small and another, who testified for the prosecution, in the early morning hours had poured gasoline along the aisles of the store with trailers leading to the OUtside, Those trailers were ignited with a cigarette lighter. After the flames reached the store's interior, there was an eXPlOsion, blowing out windows and one wall. in conjunction, the explosion and the flames COmpletely destroyed the store.
 
 
 3
 Among Small's alleged co-conspirators were Claude Boyd, the owner of the store, and Wadeus Earl Duncan, its accountant. Both of them were convicted in a separate trial. Boyd had been seen at the rear of the store several hours before the explosion, In the fourteen preceding months, he had greatly increased the amount of fire insurance on the store, and there was evidence that the store's financial condition had been deteriorating, After the fire, Boyd and Duncan used the mails on three occasions in preparing and SUbMitting an insurance claim for $594,000. The claim was Supported by calCUlator tapes showing an inventory valued at $322,000. That was a much higher figure than any previous inventory, and Boyd had instructed his employees not to take the customary annual inventory.
 
 I.
 
 4
 Small first contends that uncontained gasoline is not an explosive within the meaning of 18 U.S.C. S 844(i), which made it a federal crime to destroy a building "by means of an explosive,"[1] but it seems clear that, under the circumstances, it is within the definition of an explosive in S 844(j), to which we must look in applying S 844(i). Among other things, the definition includes a chemical compound containing oxidizing and combustible units in such proportions that ignition by fire may cause an explosion.
 
 
 5
 That we clearly held in United States v. Lee, 726 F.2d 128 (4th Cir.), cert. denied, 467 U.S. 1253 (1984). Though this panel of the court is not free to reconsider Lee, we may express our agreement with it.
 
 II.
 
 6
 Small challenges the sufficiency of the evidence to convict him of the substantive mail fraud counts and of conspiring to commit the mail fraud offenses. He points to the absence of any direct evidence that he knew in advance that the mails would be used in the scheme to defraud the insurance company and contends he could not have foreseen the use of the mails for that purpose. Small must have known, however, that the owner of the store would not have procured its destruction unless he intended to collect the proceeds of insurance policies, and use of the mails for that purpose was entirely foreseeable. United States V. Perkal, 530 F.2d 604, 606 (4th Cir.), cert. denied, 429 U.S. 821 (1976).
 
 
 7
 We have held that the jurisdictional element of the federal offense requires no specific mens rea, United States v. LeFaivre, 507 F.2d 1288, 1298-99 (4th Cir. 1974), cert. denied, 420 U.S. 1004 (1975). See also Pinkerton v. United States, 328 U.S. 640, 645-48 (1946). Actual use of the mail satisfies the jurisdictional element, and each conspirator is guilty of the substantive mail fraud offenses committed in furtherance of the conspiracy.
 
 
 8
 To the extent that conviction of the charge of conspiring to commit mail fraud offenses may depend upon some element of foreseeability, use of the mails in processing the fraudulent insurance claim was clearly foreseeable.
 
 III.
 
 9
 We see no merit in any of Small's remaining contentions.
 
 
 10
 AFFIRMED.