873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Femi Ogunbolu SHOBAYO, Defendant-Appellant.
 No. 88-7287.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 26, 1989.
 
 Femi O. Shobayo, appellant pro se.
 Arthur F. Fergenson, Office of the United States Attorney, for appellee.
 Before K.K. HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Femi O. Shobayo appeals an order of the district court which denied his motion to correct sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Shobayo was convicted of conspiracy to possess heroin with intent to distribute, possession of heroin with intent to distribute, conspiracy to import heroin and importation of heroin. He contends that under the Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984), the district court had no authority to impose a special parole term as part of his sentence for violations of 21 U.S.C. Sec. 841(a)(1) (possession of heroin) and 21 U.S.C. Sec. 942 (importation of heroin). However, Shobayo's offenses, convictions and sentencing all occurred before October 12, 1984, when the Comprehensive Crime Control Act took effect. Id. Subsequent revisions affecting special parole terms did not take effect until November 1, 1987, long after Shobayo's sentencing in August of 1984.
 
 
 3
 Shobayo also argues that the consecutive sentences he received violated the prohibition against double jeopardy. The fifth amendment protects against multiple punishments for the same offense, North Carolina v. Pearce, 395 U.S. 711 (1969). However, cumulative punishments may be imposed where they are specifically authorized by the legislature. Whalen v. United States, 445 U.S. 684, 688-89 (1980). Further, it is permissible to charge conspiracy and substantive counts separately, Pinkerton v. United States, 328 U.S. 640, 643 (1946), and consecutive sentences may be imposed for convictions of conspiracy and substantive offenses. Iannelli v. United States, 420 U.S. 770 (1975). And, the Supreme Court has approved the imposition of separate consecutive sentences for conspiracy to import and to distribute narcotics. Albernaz v. United States, 450 U.S. 333 (1981). Consequently, we find no error in the sentence Shobayo received. We therefore affirm the order of the district court denying Shobayo's Sec. 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.