892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwaine KNIGGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
Dwaine KNIGGE, Defendant-Appellee.
 No. 89-55073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 30, 1989.
Decided Jan. 4, 1990.
 
 1
 Before HUG and CANBY, Circuit Judges, DAVID A. EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In 1986, following a jury trial before Judge Rea in the District Court for the Central District of California, Dwaine Knigge was convicted of wire fraud (18 U.S.C. § 1343), conspiracy (18 U.S.C. § 371), and participation in a scheme to commit bribery (18 U.S.C. § 1952, Travel Act). This court affirmed his convictions on direct appeal. United States v. Knigge, 832 F.2d 1100 (9th Cir.1987), modified, 846 F.2d 591 (9th Cir.1988). After considering his section 2255 challenge based on McNally v. United States, 483 U.S. 350 (1987), Judge Rea reversed Knigge's wire fraud and conspiracy convictions, but affirmed his convictions for violation of the Travel Act. The Government appeals the portion of the district court's decision reversing Knigge's wire fraud and conspiracy convictions. Knigge appeals the portion of the decision affirming his Travel Act convictions. We affirm.
 
 
 4
 The Government contends that Knigge is procedurally barred from asserting the holding in McNally as the basis for reversal of his wire fraud and conspiracy convictions. The Government failed to raise this issue in the district court. While this court has the power and discretion to consider issues raised for the first time on appeal, we decline to do so here. In re Wind Power Systems, Inc., 841 F.2d 288, 290 n. 1 (9th Cir.1988).[1]
 
 1. Wire Fraud and Conspiracy Convictions
 
 5
 Knigge contends that his conviction runs afoul of the Supreme Court's narrow interpretation of the federal wire fraud statute in McNally.[2] Whether McNally requires reversal in this case is a question of law reviewed de novo. United States v. Egan, 860 F.2d 904, 907 (9th Cir.1988).
 
 
 6
 The Government argues that Knigge's wire fraud conviction must be sustained under post-McNally standards because the jury could only have convicted Knigge if it found a scheme to obtain money or property. According to the Government, the jury could not have found that Knigge deprived his employer of his loyalty without also finding that he intended to obtain money or property. Knigge counters that because the jury could have convicted him based only on an intangible rights theory, his convictions for wire fraud and conspiracy were properly reversed. After presiding over the trial and reviewing the indictment, arguments and jury instructions on appeal, Judge Rea concluded that the verdict may have been based on the impermissible intangible rights theory. We agree.
 
 
 7
 A review of the record provides support for our conclusion that the jury could have convicted Knigge on the basis of the impermissible intangible rights theory. For example, Count 1 of the superseding indictment as read to the jury stated that the scheme was devised to deprive Knigge's employer and its stockholders of their right to have Knigge perform honest services. In describing the essential elements of wire fraud, the judge instructed the jury that the object of an unlawful scheme may
 
 
 8
 include intangible objects, such as the deprivation of an employer's right to his employee's honesty, loyal and faithful services, decisions and actions, free from the corruption, partiality, willful omission, bias, dishonesty, misconduct, conflict of interest or fraud.
 
 
 9
 Finally, in instructing the jury on the misrepresentations necessary to establish the existence of a scheme to defraud, Judge Rea instructed that the Government must prove beyond a reasonable doubt "at least one of its objectives as charged in the indictment." This review reveals that the indictment and the jury instructions permitted the jury to convict Knigge on the impermissible intangible rights theory. The district court properly reversed Knigge's convictions for wire fraud and conspiracy. See United States v. Hilling, No. 87-3121, slip op. 13791, 13801 (9th Cir. Nov. 21, 1989).
 
 2. The Travel Act Counts
 
 10
 Knigge challenges his Travel Act convictions based on an alleged Pinkerton instruction given to the jury. See Pinkerton v. United States, 328 U.S. 640, 645-48 (1946). According to Knigge, his Travel Act convictions must fall because the jury instructions permitted a conviction by virtue of Knigge's participation in a defective conspiracy and wire fraud scheme. We disagree.
 
 
 11
 There was no Pinkerton instruction given to the jury. The Travel Act counts were premised on Knigge's participation in codefendant Brownfield's travel in violation of a Utah bribery statute. They were not premised on conspiracy to violate the wire fraud statute. Judge Rea properly instructed the jury that to convict Knigge on the Travel Act counts, the jury had to find that he caused codefendant Brownfield to: (1) travel in interstate commerce or use an interstate facility, (2) with intent to promote an unlawful activity (violation of the Utah bribery statute), and (3) that he performed a subsequent overt act in furtherance of that activity. United States v. Stafford, 831 F.2d 1479, 1481 (9th Cir.1987). To convict Knigge of conspiracy under 18 U.S.C. § 371, the jury had to find that Knigge conspired to commit wire fraud (18 U.S.C. § 1343), to transport stolen securities (18 U.S.C. § 2314), or to violate the Travel Act (18 U.S.C. § 1952). Knigge's conviction of conspiracy is an offense distinct from his convictions under the Travel Act. The record reveals ample evidence to support Knigge's convictions under the Travel Act, independent of his conviction for conspiracy.
 
 
 12
 Knigge argues that the "taint of the legally invalid conspiracy charge" spilled over into the Travel Act counts. He cites the admission of damaging co-conspirator statements as an example of this taint. While we do not see how this evidence prejudiced Knigge's trial, we find that the trial judge's instruction to the jury that "each offense, and the evidence applicable thereto, should be considered separately" protected Knigge against any potential spillover. That the jury did, in fact, consider each count separately is highlighted by its return of a not guilty verdict on counts 5 and 6 in the indictment.[3]
 
 
 13
 The district court judgment is AFFIRMED.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We will normally exercise our discretion when the issue presented is a pure question of law, and either does not depend on the facts or the factual record was fully developed in the district court. Id. Whether or not Knigge is procedurally barred from bringing his challenge based on McNally is not a pure question of law. We further note that Knigge has a persuasive argument for ineffective assistance of counsel which could conceivably be sufficient cause to lift the bar. See generally, Strickland v. Washington, 466 U.S. 668 (1984). However, the record in the district court does not address this contention. Knigge would suffer obvious prejudice if we address the Government's argument that he is procedurally barred from collaterally attacking his appeal based on McNally, without a record developing Knigge's ineffective assistance claim
 
 
 [2]
 In November, 1988, an amendment to 18 U.S.C. § 1346 was enacted which overturned McNally. Neither party noted this change to the court, nor addressed the issue of whether the new statute may be retroactively applied to Knigge's wire fraud and conspiracy convictions
 
 
 [3]
 Counts 5 and 6 alleged a violation of 18 U.S.C. § 2314 pertaining to transportation of stolen securities