USCA1 Opinion

 

 November 13, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1434 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. JOSE VENTURA-RAMOS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Damon M. D'Ambrosio with whom Martin D. Harris was on brief for ___________________ ________________ appellant. Margaret E. Curran, Assistant United States Attorney, with whom __________________ Lincoln C. Almond, United States Attorney, and Lawrence D. ___________________ ____________ Gaynor, Assistant United States Attorney, were on brief for ______ appellee. ____________________ ____________________ Per Curiam. This is an appeal from a conviction of ___________ conspiracy to distribute and to possess with intent to distribute cocaine (Count I, 21 U.S.C. 846) and of either possession with intent to distribute the drug or aiding and abetting such possession (Count II, 21 U.S.C. 841(a)(1), (b)(1)(C), and 18 U.S.C. 2). Defendant challenges the admissibility of the audiotape and transcript of a recorded conversation in which defendant, two co- defendants, and a government informant took part. The transcript was stipulated to be an accurate representation of the tape. At trial, defendant contested the transcript's attribution of voices to individuals, but the informant testified that he recognized defendant's voice and confirmed the attribution of statements to defendant. Based on the informant's authentication, the tape was admitted without objection. Defendant now advances the arguments that the tape was too inaudible to be helpful and that the prejudicial impact outweighed its probative value. We shall not consider these arguments because they are raised only on appeal. Nor do we find any indication of plain error. The tape and resulting transcript having been submitted properly to the jury, we have no difficulty in rejecting the challenge to the sufficiency of evidence to support the conviction for Count I. Defendant baldly asserts in his brief that "[t]here is little or nothing in the record from which it can be inferred that [he] acted in concert with the two co- defendants to forward or further an illegal act." Yet the transcript is replete with defendant's contributions to the discussion of a cocaine sale. These contributions include a resistance by him and his associate to conducting the transaction on the street; they insisted on doing the deal in defendant's home. When the prospective buyers expressed apprehension of encountering guns if they entered the house, defendant said that he "can't do one bad thing to anybody." He further said, "[W]e are doing big business. They send it to me from New York." After conversation relating to quality and packaging, defendant took the informant to reconnoitre defendant's house, showing the informant through almost every room. Further, an associate was approaching defendant's apartment with the cocaine to close the deal when arrested, and defendant immediately attempted to flee. Defendant's own words and actions belie his claim of "mere presence." This evidence and more were sufficient to support the conspiracy conviction. Defendant's challenge to Count II was based on the absence of any evidence that he possessed the cocaine at any time. At trial, the district judge expressed his uncertainty whether statements and an act of possession of a co-conspirator compelled a finding of possession by another co-conspirator. He ruled instead that the jury had enough evidence from which to find that, even though an associate was carrying the cocaine, defendant had sufficient power and intent to exercise the dominion necessary for constructive possession. -3- We prefer to uphold this ruling on the undoubted application of Pinkerton v. United States, 328 U.S. 640, 647 (1946), to the _________ _____________ "acts or declarations" of fellow conspirators. We applied this doctrine specifically to a possession case in United States v. _____________ Rengifo, 858 F.2d 800, 807 (1st Cir. 1988), where we said: _______ No evidence was presented that any of the defendants arrested in room 106 ever possessed the cocaine. We note as a preliminary matter, however, that a coconspirator is responsible for the substantive offenses committed in furtherance of the conspiracy regardless of whether he participates in, or even has knowledge of, those offenses. We therefore find sufficient evidence to support conviction under the substantive count. Finally, defendant protests receipt of the maximum sentence allowable under the applicable guidelines. As we held in United ______ States v. Panet-Collazo, 960 F.2d 256, 261 (1992), ______ _____________ [W]e have no appellate jurisdiction to review a sentence within the applicable sentencing guidelines range if that range was correctly determined, as it was here. Affirmed. ________ -4-