## PINKERTON ET AL. *v.* UNITED STATES.

No. 719. Argued May 1, 1946.—Decided June 10, 1946.

*John S. Tucker, Jr.* argued the cause for petitioners. With him on the brief was *Thomas E. Skinner.*

*W. Marvin Smith* argued the cause for the United States. With him on the brief were *Solicitor General McGrath, Robert S. Erdahl* and *Leon Ulman.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Walter and Daniel Pinkerton are brothers who live a short distance from each other on Daniel's farm. They were indicted for violations of the Internal Revenue Code. The indictment contained ten substantive counts and one conspiracy count. The jury found Walter guilty on nine of the substantive counts and on the conspiracy count. It found Daniel guilty on six of the substantive counts and on the conspiracy count. Walter was fined $500 and sentenced generally on the substantive counts to imprisonment for thirty months. On the conspiracy count he was given a two year sentence to run concurrently with the other sentence. Daniel was fined $1,000 and sentenced generally on the substantive counts to imprisonment for thirty months. On the conspiracy count he was fined $500 and given a two year sentence to run concurrently with the other sentence. The judgments of conviction were affirmed by the Circuit Court of Appeals.[1]   151 F. 2d

---

[1] The court held that two of the counts under which Walter was convicted and one of the counts under which Daniel was convicted were barred by the statute of limitations and that as to them the

499. The case is here on a petition for a writ of certiorari, which we granted because one of the questions presented involved a conflict between the decision below and *United States* v. *Sall,* 116 F. 2d 745, decided by the Circuit Court of Appeals for the Third Circuit.

A single conspiracy was charged and proved. Some of the overt acts charged in the conspiracy count were the same acts charged in the substantive counts. Each of the substantive offenses found was committed pursuant to the conspiracy. Petitioners therefore contend that the substantive counts became merged in the conspiracy count, and that only a single sentence not exceeding the maximum two year penalty provided by the conspiracy statute (Criminal Code § 37, 18 U. S. C. § 88) could be imposed. Or to state the matter differently, they contend that each of the substantive counts became a separate conspiracy count but, since only a single conspiracy was charged and proved, only a single sentence for conspiracy could be imposed. They rely on *Braverman* v. *United States,* 317 U. S. 49.

In the *Braverman* case the indictment charged no substantive offense. Each of the several counts charged a conspiracy to violate a different statute. But only one

demurrer should have been sustained. But each of the remaining substantive counts on which the jury had returned a verdict of guilty carried a maximum penalty of three years' imprisonment and a fine of $5,000. Int. Rev. Code, § 3321, 26 U. S. C. § 3321. Hence the general sentence of fine and imprisonment imposed on each under the substantive counts was valid. It is settled law, as stated in *Claassen* v. *United States,* 142 U. S. 140, 146–147, "that in any criminal case a general verdict and judgment on an indictment or information containing several counts cannot be reversed on error, if any one of the counts is good and warrants the judgment, because, in the absence of anything in the record to show the contrary, the presumption of law is that the court awarded sentence on the good count only."

The same rule obtains in the case of concurrent sentences. *Hirabayashi* v. *United States,* 320 U. S. 81, 85 and cases cited.

conspiracy was proved. We held that a single conspiracy, charged under the general conspiracy statute, however diverse its objects may be, violates but a single statute and no penalty greater than the maximum provided for one conspiracy may be imposed. That case is not apposite here. For the offenses charged and proved were not only a conspiracy but substantive offenses as well.

Nor can we accept the proposition that the substantive offenses were merged in the conspiracy. There are, of course, instances where a conspiracy charge may not be added to the substantive charge. One is where the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime. See *United States* v. *Katz,* 271 U. S. 354, 355–356; *Gebardi* v. *United States,* 287 U. S. 112, 121–122. Another is where the definition of the substantive offense excludes from punishment for conspiracy one who voluntarily participates in another's crime. *Gebardi* v. *United States, supra.* But those exceptions are of a limited character. The common law rule that the substantive offense, if a felony, was merged in the conspiracy,[2] has little vitality in this country.[3] It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. *Clune* v. *United States,* 159 U. S. 590, 594–595. A conviction for the conspiracy may be had though the substantive offense was completed. See *Heike* v. *United States,* 227 U. S. 131, 144. And the plea of double jeopardy is no defense to a conviction for both offenses. *Carter* v.

---

[2] See May's Law of Crimes (4th ed. 1938), § 126; 17 Corn. L. Q. (1931) 136; *People* v. *Tavormina,* 257 N. Y. 84, 89–90, 177 N. E. 317.

[3] The cases are collected in 37 A. L. R. 778, 75 A. L. R. 1411.

*McClaughry,* 183 U. S. 365, 395. It is only an identity of offenses which is fatal. See *Gavieres* v. *United States,* 220 U. S. 338, 342. Cf. *Freeman* v. *United States,* 146 F. 2d 978. A conspiracy is a partnership in crime. *United States* v. *Socony-Vacuum Oil Co.,* 310 U. S. 150, 253. It has ingredients, as well as implications, distinct from the completion of the unlawful project. As stated in *United States* v. *Rabinowich,* 238 U. S. 78, 88:

> "For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws, is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime. It involves deliberate plotting to subvert the laws, educating and preparing the conspirators for further and habitual criminal practices. And it is characterized by secrecy, rendering it difficult of detection, requiring more time for its discovery, and adding to the importance of punishing it when discovered."

And see *Sneed* v. *United States,* 298 F. 911, 912–913; *Banghart* v. *United States,* 148 F. 2d 521.

Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. As stated in *Sneed* v. *United States, supra,* p. 913, "If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it." The agreement to do an unlawful act is even then distinct from the doing of the act.[4]

---

[4] The addition of a conspiracy count may at times be abusive and unjust. The Conference of Senior Circuit Judges reported in 1925:

> "We note the prevalent use of conspiracy indictments for converting a joint misdemeanor into a felony; and we express our conviction that both for this purpose and for the purpose— or at least with the effect—of bringing in much improper evidence, the conspiracy statute is being much abused.
>
> "Although in a particular case there may be no preconcert of plan, excepting that necessarily inherent in mere joint action,

It is contended that there was insufficient evidence to implicate Daniel in the conspiracy. But we think there was enough evidence for submission of the issue to the jury.

There is, however, no evidence to show that Daniel participated directly in the commission of the substantive offenses on which his conviction has been sustained,[5] although there was evidence to show that these substantive offenses were in fact committed by Walter in furtherance of the unlawful agreement or conspiracy existing between the brothers. The question was submitted to the jury on the theory that each petitioner could be found guilty of the substantive offenses, if it was found at the time those offenses were committed petitioners were parties to an unlawful conspiracy and the substantive offenses charged were in fact committed in furtherance of it.[6]

---

it is difficult to exclude that situation from the established definitions of conspiracy; yet the theory which permits us to call the aborted plan a greater offense than the completed crime supposes a serious and substantially continued group scheme for cooperative law breaking. We observe so many conspiracy prosecutions which do not have this substantial base that we fear the creation of a general impression, very harmful to law enforcement, that this method of prosecution is used arbitrarily and harshly. Further the rules of evidence in conspiracy cases make them most difficult to try without prejudice to an innocent defendant." Annual Report of the Attorney General for 1925, pp. 5–6.

But we do not find that practice reflected in this present case.

[5] This question does not arise as to Walter. He was the direct actor in some of the substantive offenses on which his conviction rests. So the general sentence and fine are supportable under any one of those. See note 1, *supra*.

[6] The trial court charged: ". . . after you gentlemen have considered all the evidence in this case, if you are satisfied from the evidence beyond a reasonable doubt that at the time these particular substantive offenses were committed, that is, the offenses charged in the first ten counts of this indictment if you are satisfied from the evidence beyond a reasonable doubt that the two defendants were in an unlawful

Daniel relies on *United States* v. *Sall, supra.* That case held that participation in the conspiracy was not itself enough to sustain a conviction for the substantive offense even though it was committed in furtherance of the conspiracy. The court held that, in addition to evidence that the offense was in fact committed in furtherance of the conspiracy, evidence of direct participation in the commission of the substantive offense or other evidence from which participation might fairly be inferred was necessary.

We take a different view. We have here a continuous conspiracy. There is here no evidence of the affirmative action on the part of Daniel which is necessary to establish his withdrawal from it. *Hyde* v. *United States,* 225 U. S. 347, 369. As stated in that case, "Having joined in an unlawful scheme, having constituted agents for its performance, scheme and agency to be continuous until full fruition be secured, until he does some act to disavow or defeat the purpose he is in no situation to claim the delay of the law. As the offense has not been terminated or accomplished he is still offending. And we think, consciously offending, offending as certainly, as we have said, as at the first moment of his confederation, and consciously through every moment of its existence." *Id.,* p. 369. And so long as the partnership in crime continues, the partners act for each other in carrying it forward. It is settled that "an overt act of one partner may be the act of all without

conspiracy, as I have heretofore defined unlawful conspiracy to you, then you would have a right, if you found that to be true to your satisfaction beyond a reasonable doubt, to convict each of these defendants on all these substantive counts, provided the acts referred to in the substantive counts were acts in furtherance of the unlawful conspiracy or object of the unlawful conspiracy, which you have found from the evidence existed." Daniel was not indicted as an aider or abettor (see Criminal Code, § 332, 18 U. S. C. 550), nor was his case submitted to the jury on that theory.

any new agreement specifically directed to that act."
*United States* v. *Kissel,* 218 U. S. 601, 608. Motive or
intent may be proved by the acts or declarations of some
of the conspirators in furtherance of the common objec-
tive. *Wiborg* v. *United States,* 163 U. S. 632, 657–658.
A scheme to use the mails to defraud, which is joined in
by more than one person, is a conspiracy. *Cochran* v.
*United States,* 41 F. 2d 193, 199–200. Yet all members
are responsible, though only one did the mailing. *Coch-
ran* v. *United States, supra; Mackett* v. *United States,* 90
F. 2d 462, 464; *Baker* v. *United States,* 115 F. 2d 533, 540;
*Blue* v. *United States,* 138 F. 2d 351, 359. The governing
principle is the same when the substantive offense is com-
mitted by one of the conspirators in furtherance of the
unlawful project. *Johnson* v. *United States,* 62 F. 2d 32,
34. The criminal intent to do the act is established by
the formation of the conspiracy. Each conspirator insti-
gated the commission of the crime. The unlawful agree-
ment contemplated precisely what was done. It was
formed for the purpose. The act done was in execution
of the enterprise. The rule which holds responsible one
who counsels, procures, or commands another to commit
a crime is founded on the same principle. That principle
is recognized in the law of conspiracy when the overt act
of one partner in crime is attributable to all. An overt
act is an essential ingredient of the crime of conspiracy
under § 37 of the Criminal Code, 18 U. S. C. § 88. If that
can be supplied by the act of one conspirator, we fail to
see why the same or other acts in furtherance of the con-
spiracy are likewise not attributable to the others for the
purpose of holding them responsible for the substantive
offense.

A different case would arise if the substantive offense
committed by one of the conspirators was not in fact done
in furtherance of the conspiracy, did not fall within the

scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement. But as we read this record, that is not this case.

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

MR. JUSTICE RUTLEDGE, dissenting in part.

The judgment concerning Daniel Pinkerton should be reversed. In my opinion it is without precedent here and is a dangerous precedent to establish.

Daniel and Walter, who were brothers living near each other, were charged in several counts with substantive offenses, and then a conspiracy count was added naming those offenses as overt acts. The proof showed that Walter alone committed the substantive crimes. There was none to establish that Daniel participated in them, aided and abetted Walter in committing them, or knew that he had done so. Daniel in fact was in the penitentiary, under sentence for other crimes, when some of Walter's crimes were done.

There was evidence, however, to show that over several years Daniel and Walter had confederated to commit similar crimes concerned with unlawful possession, transportation, and dealing in whiskey, in fraud of the federal revenues. On this evidence both were convicted of conspiracy. Walter also was convicted on the substantive counts on the proof of his committing the crimes charged. Then, on that evidence without more than the proof of Daniel's criminal agreement with Walter and the latter's overt acts, which were also the substantive offenses charged, the court told the jury they could find Daniel guilty of those substantive offenses. They did so.

I think this ruling violates both the letter and the spirit of what Congress did when it separately defined the three classes of crime, namely, (1) completed substantive offenses; [1] (2) aiding, abetting or counseling another to commit them; [2] and (3) conspiracy to commit them.[3] Not only does this ignore the distinctions Congress has prescribed shall be observed. It either convicts one man for another's crime or punishes the man convicted twice for the same offense.

The three types of offense are not identical. *Bollenbach* v. *United States,* 326 U. S. 607, 611; *United States* v. *Sall,* 116 F. 2d 745. Nor are their differences merely verbal. *Ibid.* The gist of conspiracy is the agreement; that of aiding, abetting or counseling is in consciously advising or assisting another to commit particular offenses, and thus becoming a party to them; that of substantive crime, going a step beyond mere aiding, abetting, counseling to completion of the offense.

These general differences are well understood. But when conspiracy has ripened into completed crime, or has advanced to the stage of aiding and abetting, it becomes easy to disregard their differences and loosely to treat one as identical with the other, that is, for every purpose except the most vital one of imposing sentence. And

---

[1] These of course comprehend the vast variety of offenses prescribed by federal law, conspiracies for accomplishing which may be charged under the catchall conspiracy statute, note 3.

[2] "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." 18 U. S. C. § 550.

[3] "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both." 18 U. S. C. § 88.

thus the substance, if not the technical effect, of double jeopardy or multiple punishment may be accomplished. Thus also may one be convicted of an offense not charged or proved against him, on evidence showing he committed another.

The old doctrine of merger of conspiracy in the substantive crime has not obtained here. But the dangers for abuse, which in part it sought to avoid, in applying the law of conspiracy have not altogether disappeared. Cf. *Kotteakos* v. *United States, post,* p. 750. There is some evidence that they may be increasing. The looseness with which the charge may be proved, the almost unlimited scope of vicarious responsibility for others' acts which follows once agreement is shown, the psychological advantages of such trials for securing convictions by attributing to one proof against another, these and other inducements require that the broad limits of discretion allowed to prosecuting officers in relation to such charges and trials be not expanded into new, wider and more dubious areas of choice. If the matter is not generally of constitutional proportions, it is one for the exercise of this Court's supervisory power over the modes of conducting federal criminal prosecutions within the rule of *McNabb* v. *United States,* 318 U. S. 332.

I think that power should be exercised in this case with respect to Daniel's conviction. If it does not violate the letter of constitutional right, it fractures the spirit. *United States* v. *Sall, supra.* I think the ruling in that case was right, and for the reasons stated.[4] It should be

---

[4] In the substantially identical situation presented in the *Sall* case as to the indictment and the proof, the Government argued that the conviction on the substantive counts should stand because the proof that the accused had entered the conspiracy amounted to proof that he had "aided and abetted" the commission of the substantive crimes within the meaning of 18 U. S. C. § 550. The court rejected the idea,

followed here. Daniel has been held guilty of the substantive crimes committed only by Walter on proof that he did no more than conspire with him to commit offenses of the same general character. There was no evidence that he counseled, advised or had knowledge of those particular acts or offenses. There was, therefore, none that he aided, abetted or took part in them. There was only evidence sufficient to show that he had agreed with Walter at some past time to engage in such transactions generally. As to Daniel this was only evidence of conspiracy, not of substantive crime.

The Court's theory seems to be that Daniel and Walter became general partners in crime by virtue of their agreement and because of that agreement without more on his part Daniel became criminally responsible as a principal for everything Walter did thereafter in the nature of a criminal offense of the general sort the agreement contemplated, so long as there was not clear evidence that Daniel had withdrawn from or revoked the agreement. Whether or not his commitment to the penitentiary had that effect, the result is a vicarious criminal responsibility as broad as, or broader than, the vicarious civil liability of a partner for acts done by a co-partner in the course of the firm's business.

Such analogies from private commercial law and the law of torts are dangerous, in my judgment, for transfer to the criminal field. See Sen. Rep. No. 163, 72d Cong., 1st Sess., 20. Guilt there with us remains personal, not vicarious, for the more serious offenses. It should be kept so. The effect of Daniel's conviction in this case, to

apparently now accepted here, that "aiding and abetting" and "conspiring" are, and are intended by Congress to be, the same thing, differing only in the form of the descriptive words. But if that is the only difference, then conviction for both "offenses" on account of the same act is clearly double punishment.

repeat, is either to attribute to him Walter's guilt or to punish him twice for the same offense, namely, agreeing with Walter to engage in crime.  Without the agreement Daniel was guilty of no crime on this record.  With it and no more, so far as his own conduct is concerned, he was guilty of two.

In another aspect of the case, this effect is thrown into even clearer light.  The indictment here was filed after a prior one for conspiracy alone had been dismissed.  This in turn came after petitioners had been tried, convicted and had been successful in securing reversal on appeal for errors in the charge.  *Pinkerton* v. *United States,* 145 F. 2d 252.  Following this reversal they were reindicted and tried in the present case.  The Government now says, as to the plea of double jeopardy on this account (which the trial court overruled on demurrer), that the two indictments were for different conspiracies since the first one charged a different period of time as covered by the conspiracy; charged 16 as compared with 19 overt acts in the second; and an additional object was added in the latter, that is, intent to violate another section of the revenue act.  In other words, there were two different conspiracies by virtue of these minute differences in the detail of the allegations.  Hence, there was no double jeopardy by the second indictment.

But later, in support of the conviction here, relative to the bearing of the various statutes of limitations upon proof of the overt acts, charged also as substantive offenses, the Government points out that the earlier indictment was framed on the assumption that a three-year statute of limitations applied to the conspiracy as first charged; and the convictions were reversed for failure of the trial court to instruct the jury on that basis.  Then the District Attorney discovered the decision in *Braverman* v. *United States,* 317 U. S. 49, 54–55, and decided to revamp the

indictment to include details making the six-year period applicable. He did so, and added the substantive counts because, so it is said, in the view that a six-year period applied he felt there were enough substantive offenses within that time which he could successfully prove to justify including them.

It would seem, from this history, that to sustain this conviction as against the plea of former jeopardy by virtue of the earlier indictment and what followed, the Government stands, and must stand, upon the idea that two separate and distinct conspiracies were charged, one by the first and one by the later indictment. See *United States* v. *Oppenheimer,* 242 U. S. 85, 87–88. But to sustain Daniel's conviction for the substantive offenses, via the conspiracy route, there was only a single continuing conspiracy extending over the longer period, in the course of which Walter committed crimes, which were also overt acts, some of them running back of the period charged in the former indictment, others being the same but later acts which it had charged as overt acts against both.

For these now Daniel is held responsible, not merely as a conspirator, as the prior indictment charged, but as both a conspirator and a substantive offender.

What this lacks by way of being put twice in jeopardy for the same offense, I am unable to understand. For not only has Daniel been convicted for conspiracy for the same overt acts, and illegal ends, as the first indictment charged. He has had those acts converted into substantive offenses. I do not think the prosecutor's technical, and it would seem insubstantial, variations in the details of the indictment should be permitted to achieve so much.[5]

---

[5] The situation is essentially the same as when crimes are defined with such minute distinction as to make them different only in the most technical sense. See *District of Columbia* v. *Buckley,* 128 F. 2d 17, concurring opinion at 21; cf. *Ex parte Nielsen,* 131 U. S. 176; *In re Snow,* 120 U. S. 274.

This, of course, should not relieve Walter of the conviction for the substantive offenses. But his sentence for conspiracy should be annulled. So also should Daniel's sentence on all counts.

MR. JUSTICE FRANKFURTER, reserving judgment on the question of double jeopardy, agrees in substance with the views expressed in this dissent.