26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Bryan ANDERSON, Defendant-Appellant.
 No. 92-30482.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided June 3, 1994.
 
 Appeal from the United States District Court for the Western District of Washington; No. CR-92-152-04-JET, Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christopher Anderson appeals his convictions for conspiring to distribute cocaine in violation of 21 U.S.C. Secs. 841(b)(1)(B) & 846, possession of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(B) and 18 U.S.C. Sec. 2, and use of a firearm during and in relation to possession of cocaine with intent to distribute in violation of 18 U.S.C. Sec. 924(c). We affirm in part and reverse in part.
 
 
 3
 * Anderson challenges the district court's instructions for Counts II and III. For each of these counts, the government argued that Anderson was liable as a coconspirator. Instruction 17, the general instruction describing the elements the government must prove to establish coconspirator liability, did not inform the jury that the substantive offense must be reasonably foreseeable as a part of the conspiracy.
 
 
 4
 Count II charged Anderson with possession of cocaine with the intent to distribute. An instruction on reasonable foreseeability is only necessary when foreseeability is at issue. See Pinkerton v. United States, 328 U.S. 640, 645 n. 6 & 648 (1946) (approving instruction that did not include "reasonable foreseeability" language in a case not involving question of foreseeability of the substantive offense). Such an instruction is not required when the substantive offense is the object of the conspiracy as in this case. See United States v. Vasquez, 858 F.2d 1387, 1394 (9th Cir.1988) (describing as valid a jury instruction which did not instruct on foreseeability in situation where substantive offense was possession of cocaine and purpose of conspiracy was possession of cocaine with intent to distribute), cert. denied, 488 U.S. 1034, and cert. denied, 489 U.S. 1029 (1989). Thus, we affirm Anderson's conviction on Count II.
 
 
 5
 We must reverse his conviction on Count III, however. The government concedes that it must prove the reasonable foreseeability of this offense, but argues that the omission in instruction 17 is rectified by the inclusion of "reasonable foreseeability" in an earlier instruction, number 12, which sets out the elements for Count III in particular. Instructions 12 and 17 are clearly in conflict. As a consequence, we cannot state with certainty that the jury followed instruction 12 rather than instruction 17. Because "a conviction should not rest on ambiguous and equivocal jury instructions on a basic issue," United States v. Washington, 819 F.2d 221, 226 (9th Cir.1987), we reverse Anderson's conviction on Count III.
 
 II
 
 6
 Anderson challenges the district court's refusal to issue a writ of habeas corpus ad testificandum to command the presence of a witness in state custody. "Courts have generally required criminal defendants requesting such writs to comply with Fed.R.Crim.Proc. 17(b), which looks for 'a satisfactory showing ... that the presence of the witness is necessary to an adequate defense.' " United States v. Smith, 924 F.2d 889, 896 (9th Cir.1991). Anderson's witness would have allegedly testified that codefendant Karil Mukai told the witness that Anderson "had nothing to do with either of the two cocaine transactions which form the basis of the present indictment." The evidence at trial established that Anderson did not participate in the exchanges of cocaine for money occurring on March 2 and April 2. With regard to the sale on March 13, Mukai testified that Anderson became involved only after she called to inquire as to the whereabouts of another codefendant. Furthermore, defense witness Teresa Field testified that Mukai told her that Anderson was not involved. In light of this evidence, we conclude the testimony of Anderson's witness would have been cumulative and hence the "district court's refusal to issue a subpoena under Rule 17(b) '[was] clearly appropriate.' " United States v. Shirley, 884 F.2d 1130, 1133 (9th Cir.1989).
 
 III
 
 7
 One witness, Dave Ketcherside, briefly described the adverse physical effects he has experienced as a consequence of his cocaine use. Anderson argues that the district court abused its discretion by allowing this testimony.
 
 
 8
 Anderson relies on two cases from the Sixth Circuit, United States v. Anderson, 584 F.2d 849, 851 (6th Cir.1978) and United States v. Green, 548 F.2d 1261, 1268-70 (6th Cir.1977). Each of those cases, however, involved testimony of an expert on the general effects of drugs. United States v. Ray, 731 F.2d 1361, 1367 (9th Cir.1984). Although admission of such abstract testimony may warrant reversal in some cases, the witness in the present case testified to the effects of his drug usage on him. See id. at 1367 (evidence of overdose admissible when relevant). Moreover, even if the court erred in allowing this testimony, Ketcherside's single statement that drug overdoses have required his hospitalization on three occasions and that he has a "bad heart because of it" did not "more likely than not" affect the verdict and therefore does not necessitate reversal. See United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991) ("A nonconstitutional evidentiary error will be reversed for an abuse of discretion only if the court's ruling more likely than not affected the verdict.").
 
 IV
 
 9
 Anderson maintains that the district court improperly refused to instruct the jury on his defense of withdrawal. However, Anderson only offered evidence that he may have temporarily disassociated himself from Mukai and that he may have intended to make similar attempts in the near future, but none of the evidence indicated that Anderson had achieved this goal by April 2. He continued to reside with Mukai and she used his car to get to the drug deal. The district court properly refused to instruct the jury on Anderson's defense of withdrawal.
 
 V
 
 10
 Anderson contends that the district court erroneously determined that the proffered testimony of two witnesses constituted inadmissible hearsay. Anderson maintains that this testimony was not being offered for the truth of the matter asserted but as circumstantial proof that Anderson withdrew from the conspiracy. The testimony had value as circumstantial evidence, however, only if the jury believed the truth of the matter asserted--that Anderson wanted Mukai out of the house. Moreover, the witnesses would have testified to matters essentially conceded by Mukai during her testimony. The district court's decision to exclude this evidence is affirmed.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3