

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2004

# USA v. Pepsny

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2810

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Pepsny" (2004). *2004 Decisions*. Paper 391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos: 03-2810 & 03-2928

UNITED STATES OF AMERICA

v.

DONNA PEPSNY,
Appellant in No. 03-2810
_____

UNITED STATES OF AMERICA

v.

IRENE DIFEO,
Appellant in No. 03-2928
_____

On appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 01-CR-00047-03, 01-CR-00047-02)
District Judge: The Honorable Alfred M. Wolin
_____

Argued June 16, 2004

Before: Alito, Smith & Wallace, *Circuit Judges*[*]

(Filed: August 23, 2004)

_____

[*] The Honorable J. Clifford Wallace, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1

WALLACE, *Circuit Judge*.

Donna Pepsny appeals from her conviction and sentence on five counts of wire fraud, 18 U.S.C. § 1343, and one count of conspiracy, id. § 371. Irene DiFeo appeals from her conviction and sentence on four counts of wire fraud, id. § 1343, and one count of conspiracy to commit wire fraud, id. § 371. We have jurisdiction over the consolidated appeals pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

I.

We first examine the District Court's decision to exclude the proposed expert testimony of Tomas Norton. We review the exclusion of expert testimony for abuse of discretion. See United States v. Mathis, 264 F.3d 321, 335-42 (3d Cir. 2001). To prove the defendants acted with the requisite criminal intent, the government presented evidence of the defendants' involvement in seemingly fraudulent real estate practices; from this evidence, the jury was to infer that the defendants intended to mislead home buyers. Pepsny and DiFeo contend that Norton's testimony was to inform the jury that these highly suspicious facts are

2

not necessarily indicative of fraud and that the defendants, as real estate brokers, may have been minor participants in the scheme at issue. The defendants argue that Norton's testimony would have "assist[ed] the trier of fact to understand the evidence" and would have assisted the jury in "determin[ing] a fact in issue," namely the defendants' state of mind. FED. R. EVID. 702; see, e.g., United States v. Kelly, 888 F.2d 732, 743-44 (11th Cir. 1989) (holding that testimony on professional standards of conduct "was very relevant to [the defendant's] intent and state of mind").

However, we need not decide whether the District Court abused its discretion because we agree with the government that Norton's exclusion was harmless. The record is replete with testimonial evidence that directly implicates the defendants in a scheme that, among other things, falsified documents and made material misrepresentations to home buyers. This evidence would have overwhelmed the defendants' efforts to have the jury draw a competing inference based on Norton's generalized testimony. In short, "after an examination of the record, . . . it is highly probable that the jury would have reached the same decision absent the identified error," Mathis, 264 F.3d at 343 (internal quotation marks and citation omitted), and we therefore do not reverse the defendants' convictions on this ground.

3

In any event, disallowing Norton's testimony did not violate the defendants' Sixth Amendment rights. The District Court's ruling was not "arbitrary or disproportionate to any legitimate evidentiary or procedural purpose." Virgin Islands v. Mills, 956 F.2d 443, 446 (3d Cir. 1992); see also United States v. Scheffer, 523 U.S. 303, 308 (1998) ("[W]e have found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.").

## II.

Our review of the District Court's response to a question posed by the jury during deliberations is plenary provided the defendants raised a sufficient objection at the time to properly preserve the issue. See United States v. Lee, 359 F.3d 194, 203 (3d Cir. 2004). Since neither defendant explicitly objected to the District Court's proposed response, the critical question is whether the discussion as a whole alerted the court to the opposition of the defendants and thus informed the court of possible errors in its proposed response.

The question is close, but we conclude that the defendants preserved this issue for appeal by opposing the District Court's proposal to answer the inquiry directly instead of simply referring the jury back to the original instructions. Although the defendants "did not explicitly state that [they were] objecting to the

[supplemented] instruction, the colloquy between the court and counsel . . . , and the context in which this conversation took place (an on-the-record conference to discuss . . . the charge)," provided the District Court with "sufficient notice of a possible error in the . . . jury instruction." United States v. Russell, 134 F.3d 171, 178 (3d Cir. 1998). Therefore, our "[r]eview of the legal standard enunciated in a jury instruction is plenary, but review of the wording of the instruction, *i.e.,* the expression, is for abuse of discretion." United States v. Yeaman, 194 F.3d 442, 452 (3d Cir. 1999) (internal citation omitted). "This Court reviews jury instructions to determine whether, 'taken as a whole, they properly apprized the jury of the issues and the applicable law.'" Id. (quoting Dressler v. Busch Entm't Corp., 143 F.3d 778, 780 (3d Cir. 1998)).

The jury clearly was inquiring about the "Pinkerton doctrine," i.e., whether the defendants could be vicariously liable for substantive crimes committed by co-conspirators before the defendants entered the conspiracy. See United States v. Cross, 308 F.3d 308, 311-12 n.4 (3d Cir. 2002), citing United States v. Pinkerton, 328 U.S. 640, 647 (1946). The District Court should have answered the question in the negative instead of the affirmative: the defendants could not be convicted of substantive offenses occurring before they became members of the conspiracy. See United States v. Trotter, 529 F.2d 806, 810 (3d Cir. 1976). The court's

5

response was not saved by also referring to the instructions already given. Therefore, the District Court's instructions to the jury, taken as a whole and as supplemented by its reply to the jurors' query, contain the wrong legal standard. See Lee, 359 F.3d at 203; United States v. Gordon, 290 F.3d 539, 545 (3d Cir. 2002) (reiterating that a charge can be "erroneous where it misstated the law despite having stated the law correctly just before the misstatement").

We next inquire whether this error was harmless. See United States v. McCulligan, 256 F.3d 97, 101 (3d Cir. 2001) ("[N]on-structural constitutional errors, including the failure to submit an element of a crime to the jury, are subject to harmless error review."). The government has not demonstrated that it is "highly probable that the error did not contribute to the judgment" on the substantive counts. Cross, 308 F.3d at 326 (internal quotation marks and citations omitted). This nonharmless error, in the absence of any indication that the jury found the defendants joined the conspiracy prior to the commission of a particular substantive offense, dooms all the defendants' convictions for wire fraud. We therefore reverse DiFeo's convictions on counts two, three, six, and eight, and Pepsny's convictions on counts four, five, seven, nine, and ten.

We do not address DiFeo's other challenges to the District Court's jury instructions given that they are limited to the substantive wire fraud convictions we have vacated.

III.

As DiFeo failed to object to the prosecutor's remarks at trial, we review her allegations of prosecutorial misconduct for plain error. United States v. Irizarry, 341 F.3d 273, 306 (3d Cir. 2003). There was none. DiFeo has not "demonstrate[d that] prosecutorial misconduct [resulted in] an egregious error or a manifest miscarriage of justice." Id. (internal quotation marks and citations omitted) (second brackets in original). The record shows that the prosecution elicited testimony concerning the buyer's vulnerability and recalled it during closing argument to rebuff DiFeo's suggestion that the purchasers consummated the transactions freely and knowingly. Moreover, the prosecutor's remarks on DiFeo's religious convictions were fair comments on the evidence and the defense summation, not an invitation to convict DiFeo on the basis of the sincerity of her beliefs.

IV.

We undertake plenary review of DiFeo's argument that the District Court should have excluded losses incurred by lending institutions in setting her offense

level under United States Sentencing Guidelines (U.S.S.G.) section 2F1.1 (1995). See <u>United States v. Maurello</u>, 76 F.3d 1304, 1308 (3d Cir. 1996). As a "specific offense characteristic[]," <u>see</u> <u>id.</u> § 2F1.1(b)(1), loss is "determined on the basis of," inter alia, (1) "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity," <u>id.</u> § 1B1.3(a)(1)(B); <u>see also</u> <u>id.</u> § 1B1.3, cmt. n.2, and (2) "all harm that resulted from the acts and omissions specified" in subsection (a)(1), <u>id.</u> § 1B1.3(a)(3). DiFeo cannot assert that she was unaware of the harm that would eventually befall the financial institutions who owned the mortgage notes. The calculations accord with section 2F1.1's commentary on "fraudulent loan application cases," <u>see</u> <u>id.</u> cmt. n.7(b), and provide "a reasonable estimate of the loss," <u>id.</u> cmt. n.8.

DiFeo's attempt to offset the amount of loss by benefits purportedly gained by the buyers is unavailing. These benefits were not the product of DiFeo's efforts, and the cases DiFeo cites are distinguishable since they involved defendants who furnished bona fide, competent services to the individuals they were otherwise defrauding. See <u>United States v. Hayes</u>, 242 F.3d 114, 119 (3d Cir. 2001); <u>Maurello</u>, 76 F.3d at 1311-13. The District Court did not err.

In a notice to us subsequent to oral argument, DiFeo, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), challenges the nine-level increase to her base

8

offense level for having caused losses in excess of $400,000. On appeal, however, DiFeo did not contest the computation of the dollar sums included in the amount of loss calculation (i.e., she did not dispute the propriety of the judge's fact-finding). Rather, she simply argued that these losses should not have been included in the calculation (i.e., she took issue with the application of the Sentencing Guidelines). Thus, while we have rejected DiFeo's attack on the District Court's Guidelines application, we have not said anything regarding the underlying factual determinations. Since we remand for resentencing, DiFeo can attempt to raise the Blakely issue in the District Court.

## V.

In sum, we REVERSE and VACATE the defendants' convictions on counts two through ten and remand for a new trial on those counts. We AFFIRM each defendant's conviction on count one and remand for re-sentencing.

9