# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

No. 10-10397
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VONGSAVAT SAYASANE,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-72-8

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vongsavat Sayasane appeals his jury trial conviction and sentence for conspiracy to possess with intent to distribute a mixture and substance containing 500 grams or more of methamphetamine (meth) and five kilograms or more of cocaine (Count One) and possession with intent to distribute approximately 4,628 grams of a mixture or substance containing a detectable amount of meth and aiding and abetting (Count Six). The district court sentenced Sayasane to concurrent terms of 262 months in prison to be followed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by five years of supervised release. Sayasane argues that the evidence was insufficient to sustain a conviction for either Count One or Count Six. He further argues that the district court erred in giving the jury an instruction on deliberate indifference.

Sayasane moved for a judgment of acquittal at the close of the Government's case-in-chief, but failed to renew the motion at the close of all evidence. Therefore, our review is limited to whether there has been a "manifest miscarriage of justice," which occurs when the record is devoid of evidence of guilt or if the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. *See United States v. Miller*, 576 F.3d 528, 529-30 & n.2 (5th Cir.) (internal citations and quotation marks omitted), *cert. denied*, 130 S. Ct. 652 (2009); *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007).

In regards to Count One, Sayasane argues that the evidence was insufficient for the jury to conclude that he knew about and willfully participated in the conspiracy. Roberto Martinez, an admitted member of the conspiracy, expressly identified Sayasane as a participant. During the course of surveillance, officials observed Sayasane meet with Reymundo Haro, another co-conspirator. Haro removed a white plastic bag from the cab of Sayasane's Freightliner tractor trailer. A subsequent search of Haro's vehicle revealed that the bag contained 4,628 grams of meth. A later search of the cab of Sayasane's truck revealed a secret compartment in the roof above the driver's seat, as well as drug paraphernalia similar to the items used to package the meth that had been discovered in the white bag. During a second search, a drug-sniffing dog alerted to the earlier presence of drugs.

Sayasane's concerted actions with other known members of the conspiracy rose to a level of more than just mere association or mere presence in an unsavory atmosphere. *See United States v. Wieschenberg*, 604 F.2d 326, 335 (5th Cir. 1979). The record contains ample direct and circumstantial evidence of

Sayasane's involvement in the drug conspiracy; accordingly, he has failed to demonstrate that the record is devoid of evidence of his guilt or that the evidence on a key element of his offense is so tenuous that his conviction should shock the conscience. *See Rodriguez-Martinez*, 480 F.3d 303, 307; *see also United States v. Ramirez-Velasquez*, 322 F.3d 868, 881 (5th Cir. 2003) (affirming conspiracy conviction, under a less strict standard, where the "aggregation of circumstances" supported jury's verdict).

In regards to Count Six, Sayasane argues that the evidence was legally insufficient to establish that he knowingly possessed the meth. Under *Pinkerton v. United States*, 328 U.S. 640, 645-46 (1946), a defendant may be held liable for the reasonably foreseeable acts committed by co-conspirators in furtherance of the conspiracy, and no additional evidence is necessary to sustain a conviction on a resulting substantive count where the Government has provided sufficient evidence to establish that the defendant was a knowing member of the conspiracy. *United States v. Jimenez*, 509 F.3d 682, 692 n.9 (5th Cir. 2007). Because the Government provided ample direct and circumstantial evidence that Sayasane knowingly participated in the conspiracy, and there was no dispute that Haro possessed 4628 grams of meth with the intent to distribute it in furtherance of the conspiracy, the Government did not need to provide additional evidence that Sayasane knowingly possessed the meth. *See id.*

Sayasane's assertion that the district court erred in giving the jury a deliberate indifference instruction because the instruction was not supported by the facts of the case and because the Government proceeded on a theory of actual knowledge is equally without merit. Sayasane did not object to the jury instruction during trial; accordingly, review is for plain error only. *United States v. Fuchs*, 467 F.3d 889, 901 (5th Cir. 2006).

The district court is permitted to instruct the jury on deliberate indifference when there is a proper factual basis such as where the record supports inferences that "(1) the defendant was subjectively aware of a high

probability of the existence of illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct." *United States v. Freeman*, 434 F.3d 369, 378 (5th Cir. 2005) (internal citations and quotations omitted). In light of Sayasane's continued protestations of ignorance in the face of such suspicious circumstances, it was appropriate for the district court to instruct the jury on deliberate indifference. *Id.*

Nothing precludes us from simultaneously determining that the record is not devoid of evidence and that the evidence is sufficient to support Sayasane's conspiracy conviction. *See United States v. Salinas,* 480 F.3d 750, 759-60 (5th Cir. 2007). Therefore, even if providing the jury instruction was clear error, Sayasane's substantial rights were not affected because the Government provided sufficient evidence that he had actual knowledge of the conspiracy. *See United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010), *cert. denied*, No. 10-8092, 2011 WL 589251 (Feb. 22, 2011); *cf. United States v. Miller*, 588 F.3d 897, 906 (5th Cir. 2009) (holding, under an abuse of discretion standard, that an erroneous deliberate indifference instruction would be harmless where the Government presented ample evidence of defendant's actual knowledge). Furthermore, according to circuit precedent, "a deliberate indifference instruction is not inconsistent with evidence of actual knowledge"; thus, the jury may consider both theories simultaneously. *Freeman*, 434 F.3d at 378-79 & n.9. Sayasane cannot demonstrate that the district court committed error, plain or otherwise. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.)*, cert. denied*, 130 S.Ct. 371 (2009).

AFFIRMED.