NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2546
_____

UNITED STATES OF AMERICA

v.

TRISTAN GREEN,
Appellant
_____

On Appeal from the District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-12-cr-00009-003
(Honorable Christopher C. Conner)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2014

Before: SMITH, SHWARTZ, and SCIRICA, Circuit Judges

(Filed:  April 22, 2014)

_____

OPINION OF THE COURT
_____

**SCIRICA**, *Circuit Judge*

Defendant Tristan Green was convicted of three counts of armed bank robbery, in

violation of 18 U.S.C. § 2113(a) and (d), and three counts of using a firearm during a

crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), in connection with three bank

robberies that took place in September, November, and December of 2007.  He appeals

1

the District Court's denial of his motion to sever the counts for separate trials under

Federal Rules of Criminal Procedure 8 and 14. Because joinder was proper under Rule

8(b) and not prejudicial under Rule 14(a), we will affirm.

I.

On August 29, 2012, a grand jury in the Middle District of Pennsylvania returned

a twelve-count indictment charging Green with three counts of armed bank robbery and

three counts of using a firearm during the robberies.[1] Each robbery occurred in a similar

fashion: Green and co-defendant Nijul Alexander would enter the bank with their faces

obscured, point guns at bank employees, demand money, and flee in a car driven by

another co-defendant. The getaway car would drive Green and Alexander to a second

vehicle, and the two would switch cars to avoid police detection.[2]

The September robbery at a Heritage Valley Credit Union in York, Pennsylvania,

went off without incident, but the November robbery, which took place at another bank in

York, did not go as smoothly. While the defendants were fleeing in the getaway car, dye

packets exploded onto the stolen cash. Green and Alexander threw backpacks containing

the stained money out of the vehicle, and police later identified those backpacks as ones

purchased by Green and co-defendant Jamael Stubbs at a nearby Walmart. The

December robbery at a Sovereign Bank in Harrisburg followed the same pattern as the

---

[1] This indictment superseded the original indictment, which charged Green only with offenses relating to the November robbery. Green was not named as a defendant for the other six charges in the superseding indictment.

[2] In the first and third robberies, Jami Shabazz drove the getaway car. In the second robbery, Jamael Stubbs drove the getaway car and Shabazz waited in the other vehicle.

first two, except that Alexander carried a bag he claimed contained a bomb in addition to his gun. Police later discovered the bag only contained bricks.

After Green pled not guilty to all six counts, he filed a motion to sever the charges under Federal Rules of Criminal Procedure 8 and 14, seeking three separate trials. The District Court denied the motion because it found the jury would be able to compartmentalize the evidence against Green, as the facts underlying the six counts were "relatively straightforward and discrete." Order at 2, *United States v. Green*, 1:12-cr-0009 (M.D. Pa. Dec. 17, 2012) (quoting *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011)). At trial, the jury found Green guilty on all six counts.[3] The District Court sentenced him to 1,030 months in prison on May 29, 2013, and Green filed a timely notice of appeal the next day.[4]

## II.

Green argues the six counts against him were improperly joined under Rule 8 and, even if joinder were proper, the counts should have been severed for separate trials under Rule 14(a). He contends joinder was improper under Rule 8 because the September, November, and December incidents were independent of one another. Even if the counts were properly joined, he claims consolidating them in a single trial prejudiced him under Rule 14(a), thus requiring the District Court to order "separate trials of counts . . . or provide any other relief that justice requires."

---

[3] Green and Stubbs proceeded to trial jointly, while Alexander and Shabazz pled guilty. Stubbs was also found guilty and is appealing his conviction (No. 13-2638).

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Green has two other appeals pending before this Court (Nos. 13-2056 and 13-2558), though neither concerns the conviction in this case.

3

A.

In evaluating whether joinder was proper under Rule 8, we first consider which subsection applies: (a), which governs joinder of offenses, or (b), which governs joinder of defendants. "Although the standards of Rule 8(a) and Rule 8(b) are similar, in that they both require a 'transactional nexus' between the offenses or defendants to be joined, Rule 8(a) is more permissive than Rule 8(b) because Rule 8(a) allows joinder on an additional ground, i.e., when the offenses 'are of the same or similar character.'" *United States v. Irizarry*, 341 F.3d 273, 287 n.4 (3d Cir. 2003) (quoting Fed. R. Crim. P. 8(a)). This case is unique because, although it involves multiple defendants, Green is only challenging the joinder of offenses.

In multi-defendant cases, we have held "the tests for joinder of counts and defendants is merged in Rule 8(b)." *Id.* at 287 (quoting *United States v. Somers,* 496 F.2d 723, 729 n.8 (3d Cir. 1974)). But we have expressed dicta to the contrary when, as in this case, a defendant in a multi-defendant case challenges only the joinder of offenses. *See United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991) ("[C]ontrary to the jurisprudence in other circuits, when a joinder of offenses charged against the same defendant is challenged, the literal meaning of the Rule requires application of Rule 8(a), irrespective of whether multiple defendants are involved in the case."). The *Eufrasio* panel declined to resolve this issue because joinder was proper under the "less permissive" standard of Rule 8(b)—and thus would have been proper under Rule 8(a) as well. *Id.* at 570; *see also United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992) (declining to decide whether Rule 8(a) should apply after finding joinder proper under the

4

"stricter" standard of Rule 8(b)). Thus, as in *Eufrasio* and *McGill*, we need not revisit our holding that Rule 8(b) governs in multi-defendant cases. Because joinder in this case satisfies the stricter standard of Rule 8(b), it necessarily meets the more permissive standard of Rule 8(a).

We review the District Court's denial of joinder *de novo* and confine our inquiry solely to the allegations in the indictment, not upon evidence subsequently introduced at trial. *Walker*, 657 F.3d at 168. To satisfy Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" *United States v. Jimenez*, 513 F.3d 62, 82–83 (3d Cir. 2008) (quoting Fed. R. Crim. P. 8(b)).[5]

Green first contends joinder was improper because the government did not file a substantive count of conspiracy against him and his co-defendants. Green correctly notes the existence of a formal conspiracy count typically satisfies the Rule 8(b) standard. *See Somers*, 496 F.2d at 730 ("[P]rovided that the conspiracy charge is put forward in good faith, the [argument against joinder] will survive attack under Rule 8(b)."). While the government did not bring a formal conspiracy charge, the six counts in the indictment applicable to Green allege the defendants are liable individually and as co-conspirators under *Pinkerton v. United States*, 328 U.S. 640 (1946). (App. 11–16.) Thus, the

---

[5] Rule 8(b) provides in full: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

5

*Pinkerton* liability theory set forth in the indictment certainly suggests a transactional nexus linking the defendants in this string of bank robberies.

Green also argues the counts should not have been joined because the three incidents occurred at different times and by different means. Green, however, takes too narrow a view of the Rule 8(b) standard. The approximate month-long time period between each robbery does not militate against joinder, as we have previously noted charges separated by "a period of a little over a month . . . suggests that the various charges were part of the same series of transactions." *Walker*, 657 F.3d at 170. Furthermore, the circumstances underlying the three incidents indicate they were part of a common scheme on the part of Green and his co-defendants. The indictment alleges the three armed robberies were perpetrated by the same defendants in a similarly violent nature and took place in the same area of the state. Accordingly, the six counts constitute "the same series of acts or transactions" among the defendants and were thus properly joined under Rule 8(b).[6]

B.

Rule 14(a) allows for the severance of properly joined offenses if a consolidated trial "appears to prejudice a defendant."[7] We review the District Court's denial of

---

[6] Green argues at length that joinder is inappropriate because the surveillance tapes showing he and Stubbs purchased the backpacks used in the November robbery would be inadmissible on the charges stemming from the September and December robberies. Because this argument relies on evidence subsequently introduced at trial, it is outside the scope of our Rule 8(b) inquiry. *See Walker*, 657 F.3d at 168 (confining the joinder inquiry to allegations set forth in the indictment).

[7] Rule 14(a) provides in full: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or

6

Green's severance motion for abuse of discretion. *Walker*, 657 F.3d at 170.

To prevail on a severance claim, a defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." *Id.* (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)). This requires more than showing "severance would have increased the defendant's chances of acquittal." *McGlory*, 968 F.2d at 340. Rather, "the question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *Walker*, 657 F.3d at 170 (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)). Because juries are presumed to follow instructions, jury instructions are "persuasive evidence that refusals to sever did not prejudice the defendant[]." *Id.* at 171 (citing *United States v. Lore*, 430 F.3d 190, 206 (3d Cir. 2005)).

Green argues joinder was prejudicial because it allowed the government to combine its strongest evidentiary case (the November robbery) with its weaker cases (the September and December robberies). At trial, co-defendants Alexander and Shabazz implicated Green in all three of the robberies. But while their testimony on Green's role in the November robbery was corroborated by surveillance video of Green and Stubbs buying the backpacks thrown from the getaway car, there was no similar corroborating evidence for the September and December incidents. In Green's view, the corroboration of their testimony on the November robbery made their uncorroborated testimony on the September and December robberies more credible to the jury.

Even assuming this to be the case, Green's argument does no more than show

the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

7

"severance would have increased [his] chances of acquittal," which is not sufficient to meet Rule 14(a)'s prejudice standard. *McGlory*, 968 F.2d at 340. Because the proper inquiry is whether the jury would be able to compartmentalize the evidence offered against Green, the District Court did not abuse its discretion in denying his motion to sever the counts.

In this case, the six counts against Green were quite discrete—for each of the three incidents, he was charged with one count of bank robbery and one count of using a firearm during the robbery. Thus, the jury could easily compartmentalize the evidence on each respective count by considering each incident separately. *See Walker*, 657 F.3d at 170 (finding joinder non-prejudicial when the case "featured charges arising from only three distinct episodes of criminal conduct").

Moreover, the District Court instructed the jury on its duty to consider each count independently. The court cautioned: "You must separately consider the evidence that relates to each offense and you must return a separate verdict for each offense. . . . Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged." (App. 519.) And as an additional reminder: "Each offense should be considered separately." (*Id.*) These limiting instructions are "persuasive evidence" that joinder did not prejudice Green. *Walker*, 657 F.3d at 171 (affirming the denial of a Rule 14(a) motion when the court instructed the jury "[e]ach offense and each defendant must be considered separately" and a "decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any other defendant or any other offense"). In short, because the jury could

8

compartmentalize the evidence supporting each count and the District Court gave proper limiting instructions to this effect, the court did not abuse its discretion in denying Green's Rule 14(a) motion.

## III.

For the foregoing reasons, we see no error in the District Court's denial of Green's motion to sever the offenses. We will affirm the judgment of conviction and sentence.