**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4812**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANIKA N. GREENE, a/k/a Neek, a/k/a Anika Carroll,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cr-00032-AWA-LRL-2)

Submitted: December 22, 2016      Decided: March 7, 2017

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Fernando Groene, FERNANDO GROENE, P.C., Williamsburg, Virginia, for Appellant. Dana J. Boente, United States Attorney, Kaitlin C. Gratton, Brian J. Samuels, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anika N. Greene was convicted by a jury of conspiracy to commit bank and wire fraud, bank fraud, wire fraud, access device fraud, and three counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A, 1029(a)(2), 1343-44, 1349 (2012). She was sentenced to concurrent terms of 24 months' imprisonment on the aggravated identity theft convictions, and 18 months' imprisonment on the remaining counts, to run concurrently with each other and consecutive to the 24-month terms. On appeal, Greene argues that the district court erred in allowing the Government to introduce evidence about her participation in uncharged fraud, there was insufficient evidence to support her aggravated identity theft convictions, and her conduct did not justify an enhancement under U.S. Sentencing Guidelines Manual 2B1.1(b)(10) (2015). For the reasons that follow, we vacate Greene's conviction on Count Five (aggravated identity theft) and remand for entry of an amended judgment. In all other respects, we affirm.

I.

Greene first claims that the district court erred in admitting evidence regarding a separate act of credit card fraud at a Chanel store. We review a district court's determination of the admissibility of evidence for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).

2

In denying Greene's motion to exclude evidence of the Chanel fraud, the district court concluded that the evidence was intrinsic to the charged offense and, alternatively, that the evidence was admissible under Fed. R. Evid. 404(b)(2) to show intent and absence of mistake or accident. On appeal, Greene challenges the court's conclusion that the evidence was intrinsic, but fails to challenge its independent analysis under Rule 404(b)(2). Because the "[f]ailure of a party in its opening brief to challenge an alternate ground for a district court's ruling waives that challenge," Brown v. Nucor Corp., 785 F.3d 895, 918 (4th Cir. 2015) (alterations and internal quotation marks omitted), we conclude that Greene has not preserved this issue on appeal.

## II.

Next, Greene asserts that there was insufficient evidence to support her three convictions for aggravated identity theft. We review the sufficiency of the evidence supporting a conviction de novo. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). In assessing evidentiary sufficiency, we must determine "whether, viewing the evidence in the light most favorable to the government, the jury's verdict is supported by substantial evidence, that is, evidence that a

3

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." McLean, 715 F.3d at 137 (internal quotation marks omitted).

To establish aggravated identity theft, the Government must prove that a defendant

> (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense. . . . Relevant to the first element, the government must prove that the accused knew that the means of identification belonged to another person.

United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014) (internal quotation marks omitted).

A.

Count Five of the superseding indictment charged that, on August 2, 2013, Greene and others established and used a Home Depot credit card account in B.K.'s name and without B.K.'s permission. We conclude there is insufficient evidence in the record to sustain this conviction.

The only evidence connecting Greene to the offense was location data for the cell phone registered in Greene's name. However, no evidence was presented at trial to demonstrate that Greene was necessarily in the same location as her cell phone on August 2, 2013. Further, there was no location data for Greene's phone for a significant amount of time on August 2, including the

4

five hours preceding and following the Home Depot fraud, causing the Government to rely on the location data of a coconspirator's phone in an effort to establish Greene's location. Moreover, the Government offered no evidence that Greene knowingly participated in the scheme or knew that the identifying information of the victim belonged to a real person, both required elements to establish aggravated identity theft.

The Government's failure to present evidence regarding Greene's state of mind is also fatal to its argument that Count Five can be upheld based on Pinkerton v. United States, 328 U.S. 640 (1946). "The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir. 2010). Here, the evidence fails to establish that Greene knew of and knowingly decided to participate in the conspiracy as of August 2, 2013. Pinkerton is inapplicable if Greene was not a member of the conspiracy at the time of the Home Depot fraud.

B.

Greene also challenges her aggravated identity theft convictions arising out of a trip to Ashland, Virginia, on August 30, 2013 (Counts Six and Seven). Count Six charged the use of J.B.'s identity, while Count Seven was based on the possession of and plan to use the identifying information of M.V., L.M., and

5

R.P.  Viewed in the light most favorable to the Government, there is sufficient evidence to conclude that Greene committed these offenses.

At trial, coconspirator Alice Howard testified that she, Greene, and another conspirator traveled from New York City to Ashland, Virginia, on August 30, 2013, and that Greene drove for part of the trip.  Howard testified that the conspirators obtained and possessed personally identifying information of J.B., M.V., L.M., and R.P, without authority, and used or conspired to use that information to impersonate the victims and unlawfully access and transfer funds from their bank accounts.  Howard also stated that all the conspirators, including Greene, knew and discussed that bank fraud was the purpose of their trip.  Although there was no express testimony that Greene knew that the victim's identities belonged to real people, it is reasonable to infer such knowledge when existing bank accounts are the subject of the fraud.  United States v. Clark, 668 F.3d 568, 574 (8th Cir. 2012) ("A reasonable juror could infer that Clark . . . knew that banks open accounts for, and give credit to only real people.  Thus, Clark knew that the scheme could result in successful deposits and withdrawals only if [the identity belonged to] a real person with a real bank account.").  Accordingly, the evidence is sufficient to demonstrate that Greene aided and abetted the commission of the offenses charged in Counts Six and Seven by willingly driving the

6

conspirators to Virginia with knowledge of the purpose of their trip.

III.

Finally, Greene asserts that the district court erred when it enhanced her offense level based on USSG § 2B1.1(b)(10).  Under this Guideline, a defendant receives a two-level sentencing enhancement "[i]f (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials . . . or (C) the offense otherwise involved sophisticated means . . . ."  USSG § 2B1.1(b)(10).  We review the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012).

On appeal, Greene asserts that her act of driving Howard and Washington to Virginia did not involve sophisticated means. However, Greene's argument only tangentially acknowledges that the district court found the enhancement applicable under both the sophisticated means provision, USSG § 2B1.1(b)(10)(C), and the relocation provision, USSG § 2B1.1(b)(10)(A).  We conclude that the two-level enhancement is plainly appropriate under the relocation provision based on the evidence that Greene drove her coconspirators out of state because they believed they would be caught if they perpetrated the fraud in New York.

Accordingly, we vacate Greene's conviction for aggravated identity theft in Count Five and remand for the entry of an amended judgment. As to all other claims, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED