United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40598

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL LERMA,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-128-RC-ESH-2

Before REAVLEY, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Noel Lerma appeals from his convictions of possession
with intent to distribute heroin, conspiracy to possess with intent
to distribute heroin, and providing a prisoner with contraband. He
contends that the district court erred by admitting evidence of his
gang affiliation, that the district court erred by admitting
evidence of a prior conviction and a prior drug sale inside prison,
that the district court erred by admitting into evidence audiotape
recordings as the non-hearsay statements of a coconspirator, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the evidence was insufficient to support his convictions. Finding no reversible error, we affirm.

This court reviews the district court's admission of testimony for an abuse of discretion. United States v. Clements, 73 F.3d 1330, 1334 (5th Cir. 1996). The gang-affiliation evidence in Lerma's case demonstrated that he and Joe Castro were affiliated with each other and that gang members faced punishment for keeping secrets from the gang or causing trouble for the gang. The evidence was intrinsic to the charges against Lerma. See United States v. Stovall, 825 F.2d 817, 825 (5th Cir.), amended, 833 F.2d 526 (1987). Its admission was not erroneous.

Lerma's particular conditional stipulation to intent did not preclude the Government from introducing prior bad-act evidence under the circumstances of this case. United States v. Palmer, 37 F.3d 1080, 1083 (5th Cir. 1994). Lerma's prior drug conviction was admissible as probative of his intent. See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). The testimony of another prisoner regarding a previous drug purchase was relevant to showing that Lerma intended to distribute any heroin he helped to traffic into prison. The admission of that testimony was not an abuse of discretion. See Clements, 73 F.3d at 1334.

The testimony at Lerma's trial, combined with the audiotapes, indicated that Lerma and Joe Castro were involved in a conspiracy, that the statements on the audiotapes were made in furtherance of the conspiracy, and that the statements were made

2

during the course of the conspiracy. The admission of the audiotape statements was not an abuse of discretion. See Clements, 73 F.3d at 1334; United States v. Torres, 685 F.2d 921, 925 (5th Cir. 1982).

Finally, the jury could have inferred beyond a reasonable doubt from the evidence that Lerma and his fellow prisoner Billy Roberson agreed to bring heroin into prison via Lynda Kirkpatrick; that Lerma delegated to Joe Castro the details of providing Kirkpatrick with the heroin; that Lerma intended to distribute any heroin that he received; that Kirkpatrick brought heroin received from Castro's contacts into the prison; that Roberson gave Lerma the heroin; and that Lerma distributed or participated in distributing it to other prisoners. The evidence was sufficient to support Lerma's substantive convictions based upon coconspirators' testimony, see United States v. Velgar-Vivero, 8 F.3d 236, 241 (5th Cir. 1993), United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989); or upon the Pinkerton doctrine, see Pinkerton v. United States, 328 U.S. 640, 66 S. Ct. 1180 (1946); or as an aider and abetter.

In a Federal Rules of Appellate Procedure Rule 28(j) letter, counsel for Lerma advised the court of the Booker sentencing decision. The subject of sentencing was not mentioned in oral argument, however, and Lerma briefed no substantive complaints about his sentence before or after Booker. Under the circumstances, he has not borne the burden of establishing plain

3

error in the sentence.  See U.S. v. Mares, __ F.3d __, 2005 WL 503715 (5th Cir. Mar. 04, 2005).

For these reasons, the judgment and sentence are **AFFIRMED.**

4