**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 06-5090**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOE ANTHONY BROWN,

Defendant - Appellant.

-----

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:01-cr-00185-5)

-----

Submitted: October 22, 2007      Decided: November 26, 2007

-----

Before MOTZ, TRAXLER, and KING, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

G. Bruce Park, NIXON PARK GRONQUIST & FOSTER, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Anthony Brown appeals his sentence imposed on remand[1] relative to his convictions by a jury for conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000) (Count 1); possession with intent to distribute more than five grams of cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000) (Count 2); and use, carrying, and discharge of a firearm during and in relation to the drug conspiracy, and possession and discharge of the firearm in furtherance of the conspiracy, in violation of 18 U.S.C. § 924(c)(1) (2000) (Count 3). On remand, the district court sentenced Brown to a period of incarceration of 240 months on Count 1, 60 months' imprisonment on Count 2 to run concurrently with Count 1, and 120 months' imprisonment on Count 3 to run consecutively with Count 1, for an aggregate sentence of 360 months' imprisonment.[2] The district court further ordered five years of supervised release on each of Counts 1, 2, and 3, to run

_____

[1]We previously affirmed his convictions, but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), and its progeny. United States v. Brown, 128 F. App'x 975, 2005 WL 943675 (4th Cir. Apr. 25, 2005) (unpublished).

[2]This sentence is within the 330-382 month advisory guideline range applicable to a base offense level of 36 and a criminal history category of II.

concurrently, and payment of restitution in the amount of $1500, and a $300 special assessment.

In this appeal, Brown claims error by the district court in its conclusion that Brown was responsible for a drug quantity of at least 500 grams and less than 1.5 kilograms of crack cocaine, and in departing upward for uncharged criminal conduct pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2002). We find no error by the district court on resentencing, and affirm Brown's sentence.

Brown specifically challenges the district judge's determination that the amount of drugs attributable to him was 500 grams to 1.5 kilograms of cocaine base, given that the jury determined, beyond a reasonable doubt, that the amount of crack cocaine attributable to the entire conspiracy count was at least 50 grams and the amount of crack cocaine attributable to the substantive count was in excess of 5 grams. He contends that the district court should be bound by the amount of drugs found by the jury, which qualified him for an offense level of 32 and an attendant advisory guidelines range of 135 to 168 months' imprisonment. He further asserts the judge failed to specify what evidence on which it relied in arriving at its conclusion on drug quantity, and failed to articulate reasons to support its conclusion.

With respect to the factual findings made by the district court in determining the applicable guidelines range of imprisonment in the wake of Booker, we have made clear that decisions about sentencing factors continue to be made by judges, and not juries, and are made by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("'Booker does not in the end move any decision from judge to jury, or change the burden of persuasion.'" (citation omitted)). Accordingly, to the extent Brown's complaint is with the standard applied in determining the drug quantity attributable to him, that contention is without merit.

Moreover, Brown makes no claim or assertion that the district court's factual finding that he was responsible for 500 grams to 1.5 kilograms of cocaine base was unsupported by the evidence or the product of clear error, see United States v. Ebersole, 411 F.3d 517, 536 (4th Cir. 2005) (district courts' factual findings are reviewed for clear error), cert. denied, 546 U.S. 1139 (2006).[3] Rather, his complaint is that the court decided the issue differently than the jury, based upon a different standard, and that the court failed to offer sufficient reasons on the record to support its determination.

---

[3] Neither at the first sentencing hearing, nor at the resentencing hearing, did Brown argue that there was insufficient evidence to support the district court's finding of drug quantity or challenge the adequacy of the district court's finding on that issue.

The sentencing judge stated that his determination as to drug quantity was made based on the testimony at sentencing.[4] In addition, the drug quantity determined by the district court is consistent with the quantity set forth as being individually attributable to Brown in the presentence report.

Brown offers no facts that would undermine or cause this court to question the propriety of the district court's factual finding regarding drug quantity.[5] He even concedes that the sentencing court was "familiar with the prior trial testimony, as well as sentencing hearing evidence, and testimony." Nor does Brown offer any case law that would support his position that the sentencing court is required to specify the particular evidence on which it relied in arriving at its conclusion on drug quantity. We find that the district court's findings here as to drug quantity were properly determined by the judge by a preponderance of the evidence, and were not clearly erroneous.

---

[4]The sentencing court stated that it would find that the drug amount in excess of 500 grams was based on "all of the previous testimony at sentencing hearings in this case including those that took place prior to remand." Moreover, while not specifically mentioned by the district court during the resentencing proceedings, the sentencing judge presided over Brown's trial, at which ample testimony was presented with regard to drug quantity.

[5]Nor do we find that Brown's citation to Pinkerton v. United States, 328 U.S. 640 (1946), and United States v. Collins, 415 F.3d 304 (4th Cir. 2005), changes our analysis, given that the district court followed the correct procedures in sentencing Brown and properly determined the drug quantity individually attributable to him.

Brown's final allegation is that the district court erred by departing upward for uncharged criminal conduct, pursuant to USSG § 4A1.3. Specifically, his challenge appears to be based on the district court's statements during the sentencing hearing regarding three shooting incidents involving Brown, and its statement that it "contemplate[d]" imposing an upward departure relative to those incidents. However, the record is clear that the district court ultimately declined to depart upward, and sentenced Brown at an offense level 36 and a criminal history category II. As there was no upward departure pursuant to USSG § 4A1.3, Brown's challenge on that basis is without merit.

Accordingly, we affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED