**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jonathan HUNTER, Defendant— Appellant.**

No. 05–10827.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Feb. 12, 2008.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joan G. Ruffennach, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jay L. Chavkin, Granda Hills, CA, for Defendant–Appellant.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Jonathan Hunter appeals his conviction and sentence for his role in two armed robberies in Arizona. A jury convicted Hunter of one count of conspiracy, two counts of bank robbery, and two counts of using a firearm in the commission of a crime of violence. Appealing his conviction, Hunter claims that the district court improperly excluded two alibi witnesses. He also claims that the government improperly authenticated and admitted evidence while admitting harmful hearsay evidence. Finally, he argues that the government failed to present sufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### Alibi Witnesses

■ Whether the trial court erred in excluding an alibi witness for violation of Fed.R.Crim.P. 12.1 is reviewed for abuse of discretion. *United States v. Henderson,* 241 F.3d 638, 650 (9th Cir.2001).

Over a year before trial, the government had twice requested disclosure of any alibi witnesses without receiving any disclosures from Hunter. However, on the eve of trial, Hunter disclosed two alibi witnesses who purportedly would testify that he was in another city on the day of the first robbery. This late disclosure violated Fed.R.Crim.P. 12.1 because it did not disclose these witnesses within 10 days of the government requesting notification of such witnesses. Fed.R.Crim.P. 12.1.

A district court does not abuse its discretion if it excludes alibi witness testimo-

* This disposition is not appropriate for publication and is not precedent except as provided

ny under Rule 12.1 when the defendant has failed to timely disclose the witness. *Henderson,* 241 F.3d at 650. Similarly here, the district court did not abuse its discretion in applying Rule 12.1 and excluding Hunter's alibi witnesses.

### Pager and Text Message Evidence

■ We review a district court's evidentiary rulings for an abuse of discretion. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004) (noting "wide discretion"). Whether the admission of an out-of-court statement violated the Confrontation Clause is reviewed *de novo. United States v. Larson,* 495 F.3d 1094, 1102 (9th Cir.2007) (en banc).

Hunter claims that the text message testimony was improperly authenticated and that the text messages were improperly admitted because only summarized excerpts were admitted. However, these claims lack merit.

"A document can be authenticated by the testimony of a witness with knowledge." *United States v. Workinger,* 90 F.3d 1409, 1415 (9th Cir.1996). Here, the government properly authenticated the text messages by using the testimonies of the senior manager of the pagers' service provider, the FBI agent who compiled the records, and Hunter's coconspirators.

Excerpts of a compilation of evidence are admissible. *United States v. Soulard,* 730 F.2d 1292, 1300–01 (9th Cir.1984) (holding that a summary chart of evidence was properly admitted). If the defendant objects to the summary of the evidence, he cannot have the evidence excluded, but instead, can compel the government to introduce the rest of the incomplete evidence. *Id.* at 1301. Therefore, the court

by 9th Cir. R. 36–3.

properly admitted the excerpts of text messages.

■ Hunter also argues that the district court violated the Confrontation Clause by incorrectly admitting hearsay evidence. He claims the court improperly allowed a coconspirator to testify both that Hunter told him he was sending text messages to other coconspirators as well as the content of those text messages.

Under *Crawford v. Washington,* 541 U.S. 36, 48, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the government may not introduce the out-of-court statements of an unavailable witness if they are testimonial in nature. The statements at issue in this case were clearly not "the functional equivalent" of in-court testimony, "formalized testimonial materials," or intended "for use at a later trial," and are therefore not testimonial. *Crawford,* 541 U.S. at 52, 124 S.Ct. 1354. If evidence is non-testimonial, it is unclear whether it must also satisfy the "indicia of reliability" or "firmly rooted hearsay exception" test of *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *See United States v. Weiland,* 420 F.3d 1062, 1076 (9th Cir.2005). However, we need not resolve this uncertainty because the statements here fall under the firmly rooted hearsay exceptions for statements by a party-opponent or coconspirator. *See* Fed.R.Evid. 801(d)(2)(A) & (E). Therefore, the district court properly admitted the content of the text messages as well as the coconspirator's testimony about the messages.

### Hunter's Objection to a Leading Question

■ We review a district court's decision to permit or allow leading questions for an abuse of discretion. *United States v. Pearson,* 274 F.3d 1225, 1233 (9th Cir. 2001). Hunter argues that the district court wrongly allowed a coconspirator to answer a leading question about his fear of Hunter. However, the government can "introduce otherwise excludable testimony when the defendant 'opens the door' by introducing potentially misleading testimony." *United States v. Beltran–Rios,* 878 F.2d 1208, 1212 (9th Cir.1989). Here, the prosecution introduced this evidence only after the defense counsel attacked coconspirator's credibility. Therefore, the district court properly admitted this evidence.

### Sufficiency of Evidence

■ Claims of insufficient evidence are reviewed *de novo. See United States v. Antonakeas,* 255 F.3d 714, 723 (9th Cir. 2001). Sufficient evidence exists to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Hunter claims he could never be convicted because he was never physically present at either of the two bank robberies in question. However, when a person agrees to become a member of a conspiracy, he agrees to all reasonably foreseeable substantive offenses committed by the conspiracy, and, by virtue of that agreement, is responsible for such acts regardless of his role in their commission. *United States v. Long,* 301 F.3d 1095, 1103 (9th Cir.2002). Also, the district court properly gave the jury a *Pinkerton* instruction regarding the requirement that the offense committed be reasonably foreseeable. *Pinkerton v. United States,* 328 U.S. 640, 645–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Therefore, the jury properly convicted Hunter.

Here, the government proffered evidence of the crimes in the form of coconspirator testimonies and Hunter's own text

messages regarding the conspiracy. This evidence sufficiently connected Hunter with the conspiracy and all of the crimes committed during the conspiracy. There is no reason to believe that the jury misunderstood the elements of the crimes charged.

We AFFIRM Hunter's convictions.