**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Jensen COTTRELL, Defendant—Appellant.**

No. 05–50307.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Sept. 8, 2009.

Michael J. Raphael, Bruce Riordan, Andrea L. Russi, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Marvin L. Rudnick, Rudnick & Kadish, W. Michael Mayock, Pasadena, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD and CLIFTON, Circuit Judges.

## ORDER

The memorandum disposition filed on February 25, 2009, 312 Fed.Appx. 979, is amended. An amended memorandum disposition will be filed concurrently with this order. With these amendments, the panel has voted to deny the petition for rehearing and petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it. Fed. R.App. P. 35.

The petition for rehearing and petition for rehearing en banc, filed on March 11, 2009, are DENIED.

Subsequent petitions for rehearing and for rehearing en banc may be filed.

## AMENDED MEMORANDUM *

William Jensen Cottrell appeals his convictions for conspiracy to commit arson in violation of 18 U.S.C. § 844(n) and for seven counts of arson in violation of 18 U.S.C. § 844(i). He also appeals his 100–month sentence. We affirm the conspiracy conviction, vacate the arson convictions and the sentence, and remand for further proceedings.

### A. Sufficiency of the evidence

■ In considering Cottrell's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. *United States v. Daychild*, 357 F.3d 1082, 1096 & n. 22 (9th Cir.2004). There was sufficient evidence for the jury to find Cottrell guilty beyond a reasonable doubt on all counts for which

---

* This disposition is not appropriate for publication and is not precedent except as provided

he was convicted. Evidence established that Cottrell obtained maps to the car dealerships and used his car to transport the group throughout the night. Cottrell was at the gas station with the others when bottles were filled with gasoline. He acknowledged actively participating in the spray-painting vandalism. He was present when the first SUV was set on fire with a Molotov cocktail and remained with the group thereafter. He was continuously present throughout the vandalism of the car dealerships, including the last dealership where eight SUVs were set on fire with Molotov cocktails. Witnesses testified that Cottrell described his involvement to them afterwards in ways that appeared to take credit for the attacks. Cottrell sent several emails to a newspaper claiming responsibility for the attacks. In the face of this substantial evidence of his involvement, the jury's guilty verdict was clearly based on sufficient evidence.

### B. Expert testimony on Asperger's Syndrome

■ The proposed expert testimony on Asperger's Syndrome was not relevant to the charge of conspiracy. A conspirator may be held liable for a crime committed by another co-conspirator, provided that the acts making up the crime were reasonably foreseeable and were carried out in furtherance of the conspiracy, even though the conspirator did not participate in the actual commission. *Pinkerton v. United States*, 328 U.S. 640, 645–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). On the issue of foreseeability, the law requires the application of an objective standard. *See United States v. Montgomery*, 150 F.3d 983, 998–99 (9th Cir.1998) ("[O]bjective knowledge is sufficient to connect a defendant to a

by 9th Cir. R. 36–3.

conspiracy...."). An objective standard is presumably used because in criminal law there is generally an "unwillingness to vary legal norms with the individual's capacity to meet the standards they prescribe, absent a disability that is both gross and verifiable." *United States v. Johnson*, 956 F.2d 894, 898 (9th Cir.1992) (quoting Model Penal Code, § 2.09, cmt. 2), *superseded by regulation on other grounds as stated in United States v. Martinez–Martinez*, 369 F.3d 1076, 1089–90 (9th Cir.2004). Blindness may be taken into account in determining criminal responsibility, for example, because it limits the facts available to the defendant, but a condition like Asperger's, which affects only the defendant's ability to draw inferences from facts that he perceives, does not qualify. The proposed Asperger's evidence did not speak to that objective standard. Whether Cottrell personally believed that his companions would not set any more fires after the first one—and thus failed to foresee that his companions might set fire to the SUVs at the dealership—was not the relevant question. A defendant's gullibility does not generally excuse his criminal liability if it does not rise to a mental defense or capacity issue. The Asperger's evidence would not have established such a defense, so it was not an abuse of discretion to exclude it with regard to that conviction.

The arson counts presented different issues, however. The government sought to convict Cottrell under alternative theories, as a principal or as an aider and abetter. The jury's verdict did not specify which theory it adopted, so we must recognize the possibility that it found Cottrell guilty of aiding and abetting.

"Aiding and abetting is a specific intent crime." *United States v. Bancalari*, 110 F.3d 1425, 1430 (9th Cir.1997). The evidence must establish that the defendant "'associate[d] himself with the venture, that he participate[d] in it as something he wish[ed] to bring about, and that he [sought] by his action to make it succeed.'" *United States v. Smith*, 832 F.2d 1167, 1170 (9th Cir.1987) (alterations in original) (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949)). Because aiding and abetting requires specific intent, the government's inclusion of the aiding and abetting charges placed Cottrell's subjective intent at issue in a way that the conspiracy charge did not. *See United States v. Sayetsitty*, 107 F.3d 1405, 1411–12 (9th Cir. 1997) (determining that the district court's failure to instruct on voluntary intoxication as a defense to aiding and abetting is plain error); *see also United States v. Sutcliffe*, 505 F.3d 944, 961–62 (9th Cir.2007) (suggesting a specific intent to threaten involves the determination of the defendant's subjective intent and not the determination of intent applying an objective standard). To the extent that the Asperger's evidence was aimed at defeating an inference of Cottrell's intent from the circumstances, it was relevant and could have assisted the jury's determination of whether Cottrell had the specific intent required for aiding and abetting. The exclusion of that evidence was thus an abuse of discretion. The arson convictions, which might have been affected by that evidence, must be vacated.

### C. Conclusion

We affirm defendant's conviction for conspiracy. We vacate the convictions for arson, based on the improper exclusion of evidence that was relevant to support Cottrell's defense to the aiding and abetting theory of liability. Because sufficient evidence was presented by the government to support convictions on those counts, the government may elect to retry them. We

vacate the sentence imposed on all counts, including the conspiracy conviction, and remand for further proceedings.

**AFFIRMED in part; VACATED in part; REMANDED for further proceedings.**

PREGERSON, Circuit Judge, affirming in part and dissenting in part:

I concur in the majority's conclusion that we vacate the 100–month sentence imposed on all counts. I agree that we reverse the convictions for arson based on the improper exclusion of evidence that the defendant was afflicted with Asperger's Syndrome. Evidence of Asperger's Syndrome could have assisted the jury to determine whether Cottrell had the specific intent required for aiding and abetting the commission of arson.

I disagree, however, that evidence that Cottrell was suffering from Asperger's Syndrome was irrelevant to assisting the jury to determine whether Cottrell participated in a conspiracy to commit arson. I agree with the majority that we use an objective standard to determine whether the criminal acts that fell within the ambit of the conspiracy were reasonably foreseeable and were carried out in furtherance of the conspiracy, *absent* a showing that the defendant suffers from a disability that is "both gross and verifiable." *United States v. Johnson*, 956 F.2d 894, 898 (9th Cir. 1992). But I submit that Asperger's Syndrome meets these two requirements. Cottrell's perception of what is reasonably foreseeable could be impaired by his disability. Accordingly, evidence of the complexity, severity, and extent of Asperger's Syndrome suffered by Cottrell could have assisted the jury to determine whether arson was a reasonably foreseeable act of the conspiracy. Therefore, I dissent in part.