**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KHALED AHMED MAHFOUZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-72231

Agency No. A091-534-688

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2010
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

The record provides clear and convincing evidence that Mahfouz's crime

resulted in "loss to the victim or victims exceed[ing] $10,000," 8 U.S.C.

§ 1101(a)(43)(M)(i); *see Nijhawan v. Holder*, 129 S. Ct. 2294 (2009); *Kawashima*

*v. Holder*, 615 F.3d 1043 (9th Cir. 2010). Specifically, Mahfouz pleaded guilty to

count 2 of the superseding indictment, which listed overt acts totaling over $70,000

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

in loss to the victims, the judgment of conviction ordered Mahfouz to pay over $90,000 in restitution, and Mahfouz is responsible for losses attributable to his co-conspirators' direct acts as well as his own. *See United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008) (citing *Pinkerton v. United States*, 328 U.S. 640, 647 (1946)). Therefore, the BIA's determination that Mahfouz is removable is supported by substantial evidence.

The BIA's denial of Mahfouz's withholding of removal claim was also supported by substantial evidence, given the country reports' mixed assessments of conditions for Muslims in India, their silence on conditions for Muslims in Sunni-Shiite marriages, Mahfouz's admitted lack of firsthand information on conditions in India, and the fact that Professor Reid provided only "background information" on general conditions in India. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003). Substantial evidence also supported the Immigration Judge's determination that Mahfouz had failed to demonstrate a "clear probability" that his life or freedom would be threatened if he were removed to India. *See* 8 C.F.R. § 208.16(b)(2); *Hoxha*, 319 F.3d at 1184–85.

**PETITION DENIED.**