**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30243 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05466-RJB-4 |
| v. | |
| MARK RANDALL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted May 5, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Mark Randall appeals his jury conviction and sentence for conspiracy to

commit an offense against the United States (18 U.S.C. § 371), damage to property

of the United States (18 U.S.C. §§ 1361 and 2), and theft of government property

(18 U.S.C. §§ 641 and 2), in connection with the cutting of two maple trees from

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the Olympic National Forest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, there was sufficient evidence adduced at trial to support Randall's conviction of conspiracy to damage and steal federal property. *See United States v. Sullivan*, 522 F.3d 967, 976 (9th Cir. 2008) (holding that a conspiracy conviction requires "1) an agreement to engage in criminal activity, 2) one or more overt acts taken to implement the agreement, and 3) the requisite intent to commit the substantive crime" (internal quotation marks omitted)). While Randall correctly contends that a buyer-seller relationship alone is insufficient to establish a conspiracy to distribute a stolen item, there is sufficient evidence to support the jury's finding that Randall was more than a mere buyer of stolen timber. Randall explicitly and implicitly agreed to lend his harvesting expertise, permits, and connections to the criminal enterprise. In doing so, he completed a number of overt acts, including marking a fallen tree for proper cutting and contacting Faith Farm to allow the three co-defendants to use his permit. Randall also acted with the intent to damage a tree when he entered the Olympic National Forest and marked it for cutting, and with the intent to steal when he permitted his co-defendants to use his permit to cut the wood. Since there was sufficient evidence to support the conspiracy conviction, the district court did not plainly err in submitting the

2

*Pinkerton* instruction to the jury. *See Pinkerton v. United States*, 328 U.S. 640 (1946).

Second, the district court did not plainly err in submitting a deliberate ignorance or willful blindness instruction as part of the instruction on acting "knowingly." *See United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (en banc). While Randall contends that the *Jewell* instruction infected the jury's understanding of different state of mind requirements for other crimes, such as 18 U.S.C. § 1361's willfulness requirement, the jury was also correctly instructed on "willfully." There was no plain error. *See United States v. Heredia*, 483 F.3d 913, 923–24 (9th Cir. 2007) (en banc). Moreover, this court has previously upheld the use of a *Jewell* instruction in a factually similar case. *See United States v. Henderson*, 721 F.2d 276, 278–79 (9th Cir. 1983) (upholding the submission of a *Jewell* instruction where the defendant contended that he believed that the timber was on his own property).

Lastly, the district court did not clearly err in imposing a two-level sentencing enhancement based on Randall's role in the conspiracy. The two-level aggravating role enhancement applies "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). Evidence that Randall supervised at least one other participant is sufficient under U.S.S.G.

3

§ 3B1.1(c). Here, Randall directed his three co-defendants on how to properly cut fallen trees, he went to the cutting site to inspect the second tree and mark it for cutting, directed his co-defendants on how best to profit off the wood, and directed them to use his permit at Faith Farm. *See United States v. Garro*, 517 F.3d 1163, 1165 (9th Cir. 2008).

The conviction and sentence are **AFFIRMED**.