**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
‾‾‾‾‾‾

No. 08-1320
‾‾‾‾‾‾

UNITED STATES OF AMERICA

v.

LARRY DAVIS,
Appellant
‾‾‾‾‾‾

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-00680-09)
District Judge: Honorable Jan E. DuBois
‾‾‾‾‾‾

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 13, 2011)
‾‾‾‾‾‾

OPINION OF THE COURT
‾‾‾‾‾‾

VAN ANTWERPEN, *Circuit Judge*.

A jury convicted Larry Davis guilty of conspiracy to distribute more than five kilograms of cocaine and substantive cocaine distribution offenses. Davis argues that the evidence was insufficient to prove the conspiracy charge and that the District Court improperly admitted evidence at trial. For the reasons which follow, we will affirm.

**I.**

On April 13, 2005, a Grand Jury returned a Fifty-Three Count Superseding Indictment against Davis and eight other co-defendants.[1] Count One charged all defendants with conspiracy to distribute more than five kilograms of cocaine in Philadelphia and Delaware Counties from July 2003 through October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Additionally, Davis was charged with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and distribution of cocaine within 1,000 of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a).

The Superseding Indictment alleged a large-scale cocaine distribution conspiracy. At the top of the conspiracy was defendant Tyrone Smith, who obtained large quantities of cocaine and distributed it to defendant William Green, who in turn redistributed it to defendant Louis Stillis. Stillis then distributed the cocaine to street-level cocaine sellers like Davis. Davis and his co-conspirators then sold then cocaine to street-level buyers in the Toby Farms neighborhood of Delaware County, Pennsylvania.

Davis and three co-defendants went to trial on January 3, 2007. At the close of the Government's case, Davis moved for judgment of acquittal, but the District Court denied the motion. The jury convicted Davis on all counts. On January 23, 2008, the District Court sentenced Davis to 120 months' imprisonment. Davis timely appealed.[2]

## II.

On appeal, Davis argues: (1) that the evidence was insufficient to prove his membership in the conspiracy; (2) that the evidence was insufficient to prove he conspired to distribute five or

---

[1] Five co-defendants pled guilty. Davis and three co-defendants – Louis Stillis, Tyrone Trader, and Jamal Rideout – were convicted at trial.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

more kilograms of cocaine; and (3) that the District Court abused its discretion by admitting certain evidence. We reject Davis' arguments.

**A.**

Davis first challenges his conspiracy conviction, arguing that the evidence was insufficient to prove his membership in the conspiracy. When reviewing a challenge to the sufficiency of the evidence, "[w]e must sustain the verdict if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (quotations and citation omitted).

"The elements of a charge of conspiracy are: (1) 'a unity of purpose between the alleged conspirators;' (2) 'an intent to achieve a common goal;' and (3) 'an agreement to work together toward that goal.'" *United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (quoting *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999)). "A conspiratorial agreement can be proved circumstantially based upon reasonable inferences drawn from actions and statements of the conspirators . . . ." *United States v. McKee*, 506 F.3d 225, 238 (3d Cir. 2007).

The evidence was sufficient to prove Davis participated in the conspiracy as a street-level drug dealer. Kenneth Wilson, a co-defendant who pled guilty, testified at trial that he delivered cocaine from Stillis to Davis. *Supp. App.* 307. Davis then repeatedly sold cocaine to street-level customers who also purchased cocaine from other members of the conspiracy. Additionally, the conspirators worked together to evade detection. On one occasion, Stillis called Davis and told Davis to "shut it down" because police had arrested some other individuals. *Id.* at 1157. When Davis asked who had been arrested, Stillis replied, "They didn't get nobody on our squad[,] man." *Id.* The jury could have inferred a conspiratorial agreement between Stillis and Davis

3

from Stillis' reference to "our squad." This conversation demonstrates "mutual trust," a factor indicative of a conspiracy. *Gibbs*, 190 F.3d at 199. Finally, wiretapped phone conversations showed an "established method of payment." *Id.* Davis gave proceeds of his drug sales to Stillis, *Supp. App.* 1138, Stillis imposed a sales quota on Davis, *id.* at 1152, and Stillis collected money from Davis, *id.* at 1156. The jury could reasonably infer a buyer-seller relationship from these conversations, and we have found the existence of a conspiracy in less obvious circumstances. *See United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (buyer-seller conspiracy existed where buyer only bought drugs from a seller "once or twice" and where the seller fronted drugs to the buyer and awaited payment until after sales). Accordingly, the evidence was sufficient for a reasonable juror to infer Davis' membership in the conspiracy.

## B.

Davis next argues that the evidence was insufficient to prove he conspired to distribute five or more kilograms of cocaine. The jury found as much in response to the District Court's interrogatory. Viewing the evidence in the light most favorable to the Government, we think a rational juror could have found Davis guilty. Multiple street-level buyers testified they bought cocaine from Davis, and William Green, a co-defendant, supplied both Stillis and Davis with cocaine.

Moreover, Davis was liable for all reasonably foreseeable criminal offenses committed by his co-conspirators during the course of, and in furtherance of, the drug conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946). Considering Davis' conspiratorial relationship with Stillis, it was reasonably foreseeable to Davis that the conspiracy involved more than five kilograms of cocaine. Accordingly, the evidence was sufficient to prove Davis conspired to distribute more than five kilograms of cocaine.

4

Last, Davis argues that the District Court abused its discretion by admitting evidence seized from Tyrone Smith's residence, including kilogram wrappers, a money counter, drug scales, and other paraphernalia. During opening arguments, the Government stated that Smith was the conspiracy's supplier. Over Davis' objection, the District Court permitted Pennsylvania State Trooper Michael Skahill to testify about the evidence from Smith's residence. Davis contends the evidence was irrelevant and unfairly prejudicial. The Government responds that the District Court properly admitted the evidence to corroborate Green's testimony that Smith supplied him with large quantities of cocaine. We agree with the Government.

We review the District Court's admission of evidence for abuse of discretion. *United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006). First, the evidence obtained from Smith's residence was relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . . ." Federal Rule of Evidence 401. This threshold is "not high." *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007) (quotations and citation omitted). Here, the evidence from Smith's residence was relevant to the Government's alleged chain of distribution and tended to make the existence of the conspiracy more probable.

Nor did the evidence unfairly prejudice Davis. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Federal Rule of Evidence 403. As we stated in *United States v. Starnes*, "[T]he prejudice against which [Rule 403] guards is *unfair* prejudice – prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found." 583 F.3d 196, 215 (3d Cir. 2009) (quotations and

citations omitted). The evidence seized from Smith's residence was admitted for the limited purpose of proving the conspiracy's chain of distribution. The Government then presented extensive direct evidence of Davis' culpability, including testimony from a co-conspirator who delivered cocaine to Davis, testimony from street-level buyers who purchased cocaine from Davis, and wiretap conversations showing Davis' conspiratorial relationship with Stillis. Considering this direct evidence of Davis' role in the conspiracy, the limited evidence seized from Smith's residence did not unfairly prejudice Davis. The District Court did not abuse its discretion.

## III.

For the foregoing reasons, the District Court properly denied Davis' motion for judgment of acquittal on Count One and for a new trial on all counts. Accordingly, we will affirm Davis' conviction and sentence.