NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50264 |
| Plaintiff - Appellee, | 2:04-cr-00732-RSWL-6 |
| v. | |
| DENISE ANN FOWLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[**]

Defendant Denise Ann Fowler ("Fowler") was indicted on charges of

conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count 1);

armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Count 6); and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Glen H. Davidson, Senior District Judge for the
Northern District of Mississippi, sitting by designation.

brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 7). A jury found Fowler guilty on all three counts, and the district court imposed a sentence of 130 months' imprisonment. Fowler appeals her convictions and sentence. We affirm Fowler's conviction for conspiracy to commit bank robbery (Count 1), but reverse Fowler's convictions for armed bank robbery and brandishing a firearm during a crime of violence (Counts 6 & 7). We address her arguments in turn.

**1.** Fowler's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), fails because comparative juror analysis shows that the prosecution's race-neutral reasons for its peremptory strike of juror J.M. were not pretexts for purposeful discrimination. *See Cook v. LaMarque*, 593 F.3d 810, 822 (9th Cir. 2010).

**2.** Sufficient evidence supports Fowler's conviction for conspiracy to commit bank robbery (Count 1). Fowler was a minor participant in the conspiracy. Her involvement, however, was sufficient for a rational jury to find that she was a knowing participant in the bank robbery conspiracy. *See United States v. Alvarez*, 358 F.3d 1194, 1201 (9th Cir. 2004) ("When the evidence establishes that a conspiracy exists, there is sufficient evidence to support a conviction for knowing participation in that conspiracy if the government is able to establish, beyond a reasonable doubt, 'even a slight connection' between the defendant and the

conspiracy.") (quoting *United States v. Wiseman*, 25 F.3d 862, 865 (9th Cir. 1994)).

**3.** The evidence was insufficient to support Fowler's convictions for armed bank robbery and brandishing a firearm during a crime of violence (Counts 6 & 7), though it was sufficient to prove that she was vicariously liable for bank robbery under 18 U.S.C. § 2113(a). The evidence was insufficient to prove, beyond a reasonable doubt, that it was reasonably foreseeable to Fowler that a gun—or any "dangerous weapon or device," § 2113(d)—would be used or brandished during the robbery. *See United States v. Castaneda*, 9 F.3d 761, 767–68 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000). Fowler was not present at the bank robbery nor at the meeting of the other conspirators shortly before the bank robbery. Moreover, there is no evidence that Fowler ever met or knew the co-conspirators who entered the bank, including the one who brandished a firearm. Indeed, the government failed to produce any evidence that she knew of the nature of Maxwell's past bank robberies or of the nature of the planned bank robbery, including how it would be accomplished. In light of these facts, any rational jury would have had a reasonable doubt as to whether Fowler could have reasonably foreseen that a gun would be brandished during the robbery. *See United States v. Zelaya*, 114 F.3d 869, 871 (9th Cir. 1997)

3

("[A] finding of reasonable foreseeability must be based upon something more than . . . observations about bank robberies in general."). It was, however, entirely foreseeable that a bank robbery conspiracy would result in a bank robbery being committed (in violation of § 2113(a))—that was the object of the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 647 (1946) ("The unlawful agreement contemplated precisely what was done. It was formed for the purpose."). Accordingly, we vacate Fowler's conviction for violating § 2113(a), (d), and direct the district court upon remand to enter a new judgment of conviction against her for violating § 2113(a), *see United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992), *overruled on other grounds by United States v. Nevils*, 598 F.3d 1158, 1166–67 (9th Cir. 2010); we also reverse Fowler's conviction for violating § 924(c).

**4.** The district court did not abuse its discretion when it denied the jury's request for a readback of a witness's testimony. District courts have "great latitude to address requests for readbacks." *United States v. Medina Casteneda*, 511 F.3d 1246, 1249 (9th Cir. 2008).

**5.** Because Fowler did not object to the playback of Maxwell's recorded phone calls during jury deliberations, we review this issue for plain error. *United States v. Olano*, 507 U.S. 725, 731-37 (1993). Even if the district court erred when

4

it permitted playback of Maxwell's phone calls without also admonishing the jury to refrain from giving undue weight to this evidence, Fowler has not shown that she suffered any prejudice. *See United States v. Stinson*, 647 F.3d 1196, 1217-18 (9th Cir. 2011); *United States v. Newhoff*, 627 F.3d 1163, 1167-69 (9th Cir. 2010).

**6**. Because we reverse Fowler's conviction for brandishing a firearm during a crime of violence (Count 7), Fowler's challenge to her sentence is moot.

In summary, Fowler's conviction for conspiracy to commit bank robbery, as alleged in Count 1, is AFFIRMED. Fowler's conviction for *armed* bank robbery, as alleged in Count 6, is REVERSED; however, Fowler stands convicted on Count 6's lesser included offense of bank robbery. Fowler's conviction for brandishing a firearm, as alleged in Count 7, is REVERSED.

Fowler has fully served her 46 month concurrent sentences for Count 1's conspiracy offense and Count 6's lesser included bank robbery offense. On remand, the district court shall order Fowler's release from custody forthwith.

**AFFIRMED in part, REVERSED in part, and REMANDED.**