**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4115**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

DONALD DODT,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn Jr., District Judge.  (3:15-cr-00213-MOC-DSC-13)

Argued:  October 29, 2021                                    Decided:  December 27, 2021

Before NIEMEYER and KING, Circuit Judges, and Thomas T. CULLEN, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED**:  Robert C. Carpenter, ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Daniel J. Kane, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Brian C. Rabbitt, Acting Assistant Attorney General, Jennifer Farer, Philip Trout, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Donald Dodt appeals from the criminal judgment entered against him in February 2020 in the Western District of North Carolina for his involvement in a Costa Rica-based telemarketing fraud scheme. In September 2015, Dodt was charged with conspiracy to commit mail fraud and wire fraud, conspiracy to commit money laundering, and multiple substantive offenses, including mail fraud, wire fraud, and international money laundering. At the conclusion of his jury trial in May 2019, Dodt was found guilty of all 22 charges submitted to the jury and deemed eligible for a statutory sentencing enhancement on the fraud-related conspiracy and substantive offenses. The district court then sentenced him to 90 months in prison. On appeal, Dodt challenges, inter alia, the court's denial of his motions for judgments of acquittal and its application of the sentencing enhancement. As explained herein, we are satisfied that Dodt was properly convicted on 11 of the 22 charges and subjected to the sentencing enhancement. We conclude, however, that there was insufficient evidence to convict him on the 11 other charges. We thus affirm in part, vacate in part, and remand for resentencing and amendment of the judgment.

I.

The trial evidence reflected that the telemarketing fraud scheme at issue in this matter was led by a man named Elliott Rosenberg. The Rosenberg scheme operated numerous call centers throughout Costa Rica. Dodt's coconspirators would call unknowing victims and induce them to transfer money in order to claim fictious sweepstakes prizes. Relevant to Dodt's participation in the Rosenberg scheme, from

2

October 2011 to May 2014, Rosenberg paid a Dodt-owned, Costa Rica-based company — named Call Master — to provide Voice over Internet Protocol ("VoIP") phone lines to the telemarketing fraud scheme. The VoIP technology allowed the fraudulent calls to appear as though they originated within the United States, rather than from Costa Rica.

From the outset of the scheme, Rosenberg informed Dodt that he would need New York and Washington, D.C. telephone numbers because his associates would purport to be "calling from the U.S. government" or other legitimate entities. *See* J.A. 355.[1] There was no written contract between Rosenberg and Dodt's company, and Dodt was paid in cash because it was important to Rosenberg that the payments remain anonymous. Additionally, Dodt said he would alert Rosenberg if Dodt received any inquiry or subpoena into any of the phone lines. Throughout the relevant three-and-a-half-year period, Dodt visited Rosenberg's call centers in Costa Rica, oftentimes overhearing telephone conversations between his coconspirators and their victims. Dodt also followed through on his promise to alert Rosenberg to any inquiry of concern from law enforcement or other entities.[2]

The 22 charged offenses submitted to the jury included the following: conspiracy to commit mail and wire fraud, in contravention of 18 U.S.C. § 1349 (Count One); mail fraud, in violation of 18 U.S.C. § 1341 (Counts Two and Three); wire fraud, in

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[2] For example, in the latter part of 2013, an FBI agent contacted Dodt and made him aware of an individual of interest to the Bureau who was connected with an ongoing bank fraud investigation. Dodt warned Rosenberg to distance himself from that individual.

contravention of 18 U.S.C. § 1343 (Counts Nine through Sixteen); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Seventeen); and international money laundering, in contravention of 18 U.S.C. § 1956(a)(2)(A) (Counts Twenty-Two through Thirty-One).[3] Each substantive fraud and money laundering charge included an allegation of aiding and abetting under 18 U.S.C. § 2 and was also tried under a theory of *Pinkerton* liability. *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (recognizing that substantive crimes committed by coconspirators in furtherance of a conspiracy may be "attribut[ed] to the [other coconspirators] for the purpose of holding them responsible for the substantive offense," when those acts are reasonably foreseeable as a necessary or natural consequence of the unlawful agreement). Additionally, pursuant to 18 U.S.C. § 2326(2)(A), the prosecution sought a sentencing enhancement that applies in circumstances where a person is convicted of mail or wire fraud, or conspiracy to commit mail or wire fraud, "in connection with the conduct of telemarketing" and has "victimized ten or more persons over the age of 55."

During Dodt's four-day trial in Charlotte, the prosecution presented testimonial and documentary evidence from six cooperating witnesses — including Rosenberg — and seven of the victims identified in the substantive counts. The prosecution's principal witness was an IRS Special Agent named William Quattlebaum, who testified that 500 unique victims were defrauded by the Rosenberg scheme. Relative to the specific

---

[3] Dodt was also charged in Counts Four through Eight (wire fraud) and Eighteen through Twenty-One (international money laundering). The prosecution dismissed those charges at trial, however, and they are not at issue in this appeal.

transactions underlying the charges in the indictment, Agent Quattlebaum prepared an investigatory analysis that was predicated on Federal Trade Commission ("FTC") complaints and out-of-court conversations with Rosenberg. According to Quattlebaum's testimony, Rosenberg's statements connected the victims identified in the FTC complaints to the Rosenberg scheme. Quattlebaum explained that he then corroborated the victims' names with third-party intermediaries which had processed the money transfers.

Testifying in his own defense, Dodt did not deny the existence of the conspiracies, but he did disclaim any personal knowledge that Rosenberg was operating the fraud scheme and any knowing participation therein. After the defense rested, Dodt unsuccessfully moved for judgments of acquittal under Federal Rule of Criminal Procedure 29(a), asserting that the jury had been presented with insufficient evidence to convict him on any of the 22 charges or to permit the imposition of the statutory sentencing enhancement. The jury thereafter found Dodt guilty on all 22 charged counts and deemed him eligible for the sentencing enhancement. In post-trial proceedings, Dodt unsuccessfully renewed his motion for judgments of acquittal. Following a two-day sentencing hearing conducted in January 2020, the district court sentenced Dodt to 90 months of imprisonment on each count of conviction, with all terms to run concurrently. Dodt timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

On appeal, Dodt challenges, inter alia, the district court's denial of his motions for judgments of acquittal and its application of the statutory sentencing enhancement. We

review de novo the denial of a motion for judgment of acquittal. *See United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014). When a criminal case has been tried by jury, we will sustain the guilty verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *See United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Substantial evidence has been characterized as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *See Burgos*, 94 F.3d at 862.

After carefully reviewing the trial record and the arguments presented in this appeal, we are satisfied that the jury properly convicted Dodt on 11 of the 22 charges and found him eligible for the statutory sentencing enhancement. But we conclude that insufficient evidence was presented to convict Dodt on the 11 other counts. We thus affirm in part, vacate in part, and remand for resentencing and amendment of the judgment.

### A.

Beginning with the 11 counts on which we affirm, the prosecution presented sufficient evidence to sustain Dodt's convictions on Counts One and Seventeen (the two conspiracy offenses), along with Counts Two and Three (mail fraud), Twelve and Fifteen (wire fraud), and Twenty-Two, Twenty-Four, and Twenty-Six through Twenty-Eight (international money laundering). With respect to the two conspiracy offenses, sufficient evidence was adduced at trial to establish that Dodt was a knowing participant in the Rosenberg scheme. For example, despite Rosenberg informing Dodt that his employees would be impersonating United States government officials and representatives of other

6

legitimate entities, Dodt still joined in the fraud scheme by providing VoIP phone lines and other services necessary to perpetrate the fraud. Relative to the substantive offenses, there was both substantial direct and circumstantial evidence — including victim testimony — connecting the victims identified in the relevant charges directly to the Rosenberg scheme.

Turning to the statutory sentencing enhancement, we are likewise satisfied that sufficient evidence was presented to demonstrate that at least 10 victims were over the age of 55, thereby supporting the enhancement on the five valid fraud-related offenses — those being the offenses charged in Counts One, Two, Three, Twelve, and Fifteen. Accordingly, we affirm Dodt's convictions on the 11 specified counts, as well as the district court's imposition of the statutory sentencing enhancement on five of those offenses.

B.

We consider next the 11 infirm convictions on which we vacate. Of those 11 counts, eight were predicated on inadmissible hearsay. Those convictions were of the offenses charged in Counts Nine through Eleven, Fourteen, and Sixteen (wire fraud), plus Counts Twenty-Three, Twenty-Five, and Thirty-One (international money laundering).

As a general rule, "[t]he Federal Rules [of Evidence] do not permit admission of a hearsay statement — an out-of-court statement offered to prove the truth of the matter asserted — unless a specific exception applies." *See United States v. Recio*, 884 F.3d 230, 234 (4th Cir. 2018) (citing Fed. R. Evid. 801, 802). The hearsay issue in this appeal concerns Agent Quattlebaum's investigatory analysis and testimony at trial — the only evidence connecting the victims and money transfers identified in the eight aforementioned counts to the Rosenberg scheme. Quattlebaum's evidence constituted inadmissible hearsay

7

because it was based on the FTC complaints and out-of-court conversations with Rosenberg, and it was introduced to prove the truth of the matter asserted — that those specific victims were defrauded by the Rosenberg scheme. Because no other evidence was presented at trial linking the alleged victims to the Rosenberg scheme, we must vacate the eight convictions identified above.

In support of the other three infirm convictions — those on Count Thirteen (wire fraud) and Counts Twenty-Nine and Thirty (international money laundering) — the two victims implicated in those offenses testified at trial. Their testimony, however, failed to establish any connection between their money transfers and the Rosenberg scheme. Although the victims testified that they wired money to Costa Rica, neither their testimony nor any other admissible evidence established that the Costa Rica-based sweepstakes to which they sent money was part of the Rosenberg scheme.[4] Moreover, the prosecution failed to present any other evidence proving such a link. As such, we also vacate the three specified convictions for want of sufficient evidence.[5]

---

[4] There were multiple fraudulent call centers operating out of Costa Rica, and Rosenberg shared victims with other sweepstakes scams. *See* J.A. 341-42.

[5] Dodt also raises several other issues in this appeal. We have fully considered the conviction-related contentions, including (1) that the district court erred in admitting evidence of Dodt's dealings with similar fraudulent call centers located in Costa Rica; (2) that there was prosecutorial misconduct amounting to plain error; and (3) that the court plainly erred in instructing the jury on willful blindness. We find each of those contentions to be without merit. Additionally, Dodt maintains that the court committed multiple errors at sentencing. We need not reach or resolve the sentencing-related issues, however, because of the forthcoming remand proceedings.

III.

Pursuant to the foregoing, we affirm in part, vacate in part, and remand for resentencing, amendment of the judgment, and such other and further proceedings as may be appropriate.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*